Lisa C. DOUGLAS, et al.,
Plaintiffs/Appellants,

v.

ESTATE OF Lee A. ROBERTSON,
Defendant/Appellee.

Supreme Court of Tennessee,
at Jackson.

March 21, 1994.

Edward B. Johnson, Somerville, for plaintiffs/appellants.

Robert L. Moore, Memphis, for defendant-appellee.

## OPINION

O'BRIEN, Justice.

In this tort action for damages resulting from an automobile accident, we are asked to review the holding of the Court of Appeals, which reversed the trial court and dismissed the plaintiffs' suit against the estate of Lee Robertson. The single issue for consideration involves whether the trial judge abused his discretion in allowing an enlargement of time to substitute a party under Tenn. R.Civ.P. 6.02. We find no abuse of discretion and reverse the Court of Appeals and reinstate the judgment of the trial court.

On 14 September 1987, the plaintiffs, a husband, wife, and the couple's minor children, were injured in an automobile accident when Lee Robertson backed his car out of a private drive on to a public highway. On 13 September 1988, the plaintiffs filed a timely tort claim against Mr. Robertson for personal injury, property damage, and incidental expenses. On 8 May 1989, during the discovery portion of the proceedings, defendant Robertson died.

On 22 August 1989, the attorney for the defendant filed a suggestion of death upon the record. The following day defense counsel made an offer of judgment for $15,000 dollars that was not accepted. The plaintiffs failed to file a motion to substitute the estate within 90 days of the suggestion of death pursuant to Tenn.R.Civ.P. 25.01 and, on 22 December 1989, the defendant filed a motion to dismiss pursuant to the rule. On 27 March 1990, the plaintiffs filed a motion to enlarge time and to substitute parties. All motions were heard on 28 March 1990. On 21 April 1990, the trial court denied the defendant's motion and granted the plaintiffs' motion to enlarge time and substitute the estate of the defendant as a party. No transcript of this hearing exists, and the trial court made no findings of fact to support its decision.

The cause proceeded to trial on 26 April 1991, where the defendant renewed his motion to dismiss pursuant to Tenn.R.Civ.P. 25.01. Again, the trial court denied the motion. Defense counsel stipulated to liability and thereafter, the case was heard before a jury upon the issues of causation and damages.

The jury returned a verdict for the plaintiffs in the amount of $20,821.00. The defendant appealed on the ground that the trial court erred by not dismissing plaintiff's action for failure to file a motion for substitution of parties within the time prescribed by the rules.

Tenn.R.Civ.P. 25.01 sets forth the procedure for the substitution of parties upon a suggestion of death.

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Un-

less the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Rule 25.01 clearly directs the dismissal of an action if no motion for substitution of parties is made within 90 days after suggestion of death upon the record. However, Rule 6.02, Tenn.R.Civ.P. grants the trial judge broad discretion to enlarge many of the procedural time limitations prescribed by the Rules of Civil Procedure. Rule 6.02 states in pertinent part:

When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure was the result of excusable neglect . . .

In support of their positions, both parties rely on *Wagner v. Frazier,* 712 S.W.2d 109 (Tenn.App.1986). The *Wagner* court held that in instances of excusable neglect *and,* where the opposing party has not been prejudiced by the delay, Rule 25.01 Tenn. R.Civ.P. should be construed in conjunction with Rule 6.02(2) to allow substitution of parties after the directed 90 days:

Since federal rule 6(b)(2) is identical to 6.02(2) Tenn.R.Civ.P., we think our Rule 25.01 should be construed to allow substitution of parties after the ninety day period has run if the failure to move within the period is the result of excusable neglect. As is generally true, the kind of excuse that will satisfy this requirement is a function of the length of time that has passed *and the possible harm to the opposite party.* In this case where the suit had been fully tried and the parties were awaiting a decision from the court and the motion was made eight days after the ninety day period had run, *we think the mere oversight of the plaintiff is excusable.* (Emphasis added). *Wagner,* supra at 113.

When reviewing the record in this case, the Court of Appeals failed to note the second part of the *Wagner* court test. Namely, the possible harm or prejudice caused to the opposing party by the plaintiffs' failure to move for substitution within the 90 day time limit. Likewise, the defendant makes little argument regarding possible prejudice, focusing instead upon the chronology of events and arguing for a rigid adherence to procedural time requirements. The defendant urges that the passage of time beyond the 90 day limit prolongs litigation, incurs unnecessary expense and results in a *prima facie* showing of prejudice. This is not necessarily true in every case. Prejudice will not ordinarily be presumed merely from the passage of time. It is the burden of the plaintiff to show that the failure to take timely action is the result of excusable neglect and that no prejudice or harm has resulted from the procedural delay.

■ Trial courts are afforded broad judicial discretion in procedural matters in order to expedite litigation and to preserve fundamental rights of the parties. An appellate court will not reverse a discretionary judgment of the trial court unless it affirmatively appears that such discretion has been explicitly abused to great injustice and injury of the party complaining. *See,* T.R.A.P. 36(b); *Bruce v. Bruce,* 801 S.W.2d 102, 107 (Tenn. App.1990).

■ The burden was on defendant to show an abuse of discretion on the part of the trial judge. The record is scanty in this case. Failure to provide a proper record must be attributed to the appealing party. It does appear that appointment of a personal representative of the estate of Lee Robertson had not been sought by anyone prior to the hearing of plaintiff's motion to enlarge time and for authority to petition the Probate Court of Hardeman County for that purpose, absent a prior application by the devisees or heirs at law of the deceased. The trial court allowed plaintiff twenty (20) days in which to substi-

tute the Estate of Lee Robertson as party defendant. Upon entry of the court's order, the substitution of the estate as a party was accomplished forthwith. The record tends to indicate that plaintiff's motions were filed to conform to the court's scheduling for hearings.

As noted infra, Tenn.R.Civ.P. 6.02 grants the trial judge wide latitude to enlarge on statutory or rule mandated limitations for the performance of acts required or allowed to be done within a specified time. Cause must be shown, to which we add the requirement that it must be reasonable cause. The largesse may be granted even if application is made after the expiration of the specified period allowed to make the request where the failure was the result of excusable neglect.

The Tennessee Rules of Civil Procedure as well as the Rules of Criminal Procedure and the Rules of Appellate Procedure are "law" of this State. *Tennessee Department of Human Services v. Vaughn,* 595 S.W.2d 62 (Tenn.1980). They must be considered "in pari materia" and must be construed together for the purpose of giving them a consistent meaning, rather than otherwise. *See generally,* Tennessee Jurisprudence, Vol 23, Statutes, §§ 39, 40.

Defendant has failed to establish prejudice as a result of plaintiffs' delay in moving for the substitution of parties within 90 days of the suggestion of death. The defense was well aware of the plaintiffs' suit; an answer had been filed and discovery between the parties had begun, and at trial liability was admitted.

The trial courts' grant of plaintiffs' motions for an extension of time and for substitution of parties was a valid exercise of procedural judicial discretion. Accordingly, the judgment of the Court of Appeals is reversed and the judgment of the trial court is reinstated. Costs of appeal are taxed to the defendant.

REID, C.J., and DROWOTA and ANDERSON, JJ., concur.

DAUGHTREY, J., not participating.