# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 8, 2004 Session

## TODD HUTCHESON v. IRVING MATERIALS, INC., d/b/a IMI

**Appeal from the Circuit Court for Cheatham County**
**No. 5256    Robert E. Burch, Judge**

---

**No. M2002-03064-COA-R3-CV - Filed March 8, 2004**

---

Plaintiff filed suit for breach of contract and negligence alleging that concrete provided by Defendant did not meet specifications. Defendant filed counterclaim for Plaintiff's unpaid bill. Plaintiff failed to timely respond to requests for admissions. Defendant filed motion to have requests deemed admitted, which the trial court granted. Plaintiff took no remedial action until seven months later, after Defendant filed its motion for summary judgment that was primarily based on the now disputed admissions. Plaintiff then filed Tenn. R. Civ. P. 36.02 motion for relief from the admissions. Trial court denied Plaintiff's motion for relief, granted Defendant's summary judgment, awarding damages against Plaintiff, and dismissed Plaintiff's cause of action against Defendant. This is an appeal from the trial court's denial of Plaintiff's motion for relief pursuant to Tenn. R. Civ. P. 36.02, and the trial court's granting of Defendant's motion for summary judgment, rendering judgment in favor of Defendant. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded.**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Mark R. Olson, Clarksville, Tennessee, for the appellant, Todd Hutcheson.

Martin C. Giner, Nashville, Tennessee, for the appellee, Irving Materials, Inc., d/b/a IMI.

### OPINION

Plaintiff/Appellant Todd Hutcheson (Plaintiff) filed suit on January 16, 2001 claiming concrete delivered by Defendant/Appellee Irving Materials, Inc. d/b/a IMI (Defendant) did not meet the specifications set forth by Plaintiff.[1] The complaint stated that Defendant provided Plaintiff with four truck loads of concrete for a sixty by forty foot garage pad and that while loads one, two and

---

[1] The complaint named Ramie Colson, the concrete "finisher," and Irving Materials, Inc. d/b/a IMI as Defendants. Plaintiff's action against Colson was dismissed with prejudice on May 1, 2001.

four conformed with the required specifications, load three did not. Specifically, the complaint alleged that the third load was a different type of concrete which caused the finishes to be "difficult," constituting a breach of the agreement between the parties. The complaint asserted that the concrete needed to be removed and re-poured and requested damages of $20,000.00.[2]

Defendant filed an answer and counterclaim, denying the allegations and setting forth a claim seeking $3,178.76 for the concrete delivered to Plaintiff, plus pre-judgment interest.[3] Plaintiff did not file an answer to the counterclaim.

On October 16, 2001, Plaintiff received Defendant's first set of interrogatories, requests for admissions, and requests for production of documents. Plaintiff provided an informal and evasive response to the discovery by letter dated October 26, 2001 to Defendant's counsel, stating little more than it would be difficult to obtain the discovery sought and that the information requested was in Defendant's possession. On January 22, 2002, Defendant filed a motion to have its requests for admissions deemed admitted pursuant to Tenn. R. Civ. P. 36.01 due to Plaintiff's failure to admit or deny said requests. The motion was set for hearing on February 4, 2002. Plaintiff did not file a formal response until the day of the hearing. Even then, Plaintiff's response was evasive for Plaintiff merely attached his October 26, 2001 letter to Defendant's counsel which suggested that it would be difficult to obtain the discovery sought and that the information requested was in Defendant's possession.

The trial court granted Defendant's motion to have the requests for admissions deemed admitted pursuant to Tenn. R. Civ. P. 36.01. The requests deemed admitted are as follows:

> 1. Admit that the calibration on the concrete dispensing equipment that IMI used to dispense the concrete that is the subject matter of this lawsuit was accurate and worked properly.
> 2. Admit that the delivery tickets that are attached hereto as Exhibit "A" are admissible into evidence at any hearing in this cause.
> 3. Admit that the quantities of materials set forth in Exhibit "A" were actually dispensed by IMI's machinery and incorporated into the concrete slab that is the subject of this lawsuit.
> 4. Admit that Exhibit "A" is the only written agreement between IMI and Todd Hutcheson.
> 5. Admit that Todd Hutcheson is indebted to IMI in the amount of Three Thousand One Hundred Seventy-Eight Dollars and 76/10 [sic] ($3,178.76) plus interest from November 15, 2000, until paid in full at the rate of 18% per annum.

---

[2]It also asked that the Court issue an order finding that Plaintiff's stop-payment on two checks payable to Defendant, totaling $3,575.09, was appropriate under the circumstances. This issue was not addressed by the trial court.

[3]In its answer to the complaint, Defendant stated that New Albany Concrete Services, Inc. d/b/a Irving Materials, Inc. is the proper party to this suit and should be substituted for Irving Materials, Inc. d/b/a IMI; however, New Albany was never substituted for Irving Materials.

6. Admit that IMI did not breach any agreement with Todd Hutcheson regarding the subject matter of this lawsuit.

7. Admit that Todd Hutcheson is currently utilizing the concrete that is the subject matter for its intended purpose as a floor of a garage.

On August 21, 2002, six months after the trial court deemed the requests admitted, Defendant filed a motion for summary judgment based primarily on the admissions. The motion was set for hearing on November 1, 2002. On October 1, 2002, over seven months after the trial court deemed the requests admitted and almost one year from the date Plaintiff first received Defendant's requests for admissions, Plaintiff filed his motion for relief from the order that deemed the requests admitted. Plaintiff's motion was based on Tenn. R. Civ. P. 36.02, which allows for withdrawal or amendment of admissions under certain conditions. Following a hearing, the trial court denied Plaintiff's motion for relief from the admissions, granted Defendant's motion for summary judgment, and dismissed Plaintiff's case. The order read:

> [A] judgment against Todd Hutcheson be entered in favor of New Albany concrete Services, Inc. d/b/a Irving Materials, Inc., and that New Albany Concrete Services, Inc. d/b/a Irving Materials, Inc., have and recover from Counter-Defendant Todd Hutcheson the sum of Three Thousand One Hundred Seventy-Eight Dollars and 76/100 ($3,178.76) plus pre-judgment interest in the amount of One Thousand One Hundred Twenty-Six Dollars and 80/100($1,126.80) for a total of Four Thousand Three Hundred Five Dollars and 56/100 ($4,305.56).

Plaintiff sets forth two issues. First, Plaintiff asserts that the trial court failed to apply the "two prong" test pursuant to Tenn. R. Civ. P. 36.02. Second, Plaintiff contends that Defendant's motion for summary judgment, which was based upon the disputed requests for admissions, should not have been granted because genuine issues of material fact were in dispute.

## Analysis of "two prong" test under Rule 36.02

Plaintiff's claim that the trial court failed to apply the "two prong" test pursuant to Tenn. R. Civ. P. 36.02 constitutes a challenge to a decision concerning a procedural matter. Trial courts are granted broad discretion over procedural matters. *Douglas v. Estate of Robinson*, 876 S.W.2d 95, 97 (Tenn. 1994). Appellate courts review decisions regarding procedural matters using the deferential "abuse of discretion" standard of review. "An appellate court will not reverse a discretionary judgment of the trial court unless it affirmatively appears that such discretion has been explicitly abused to great injustice and injury of the party complaining." *Id.* (citing Tenn. R. App. P. 36(b); *Bruce v. Bruce*, 801 S.W.2d 102, 107 (Tenn. Ct. App. 1990)). For issues of law, the standard of review is *de novo*, with no presumption of correctness. *Lavin v. Jordon*, 16 S.W.3d 362, 364 (Tenn. 2000).

Our analysis begins with Tenn. R. Civ. P. 36, Requests for Admission. Rule 36.01 provides that requests for admissions will be deemed admitted unless answered within thirty days of service.

The answer or objection is to be served upon the party requesting the information and shall contain sufficient detail and specificity. Tenn. R. Civ. P. 36.01. The purpose of admissions is to limit and narrow the issues, thereby reducing trial time. *Tennessee Dept. of Human Services v. Barbee*, 714 S.W.2d 263, 266 (Tenn. 1986). No proof is needed to establish a fact that has been admitted, and no evidence should be allowed to refute the admission. *Id*. at 267. "Unanswered requests for admission are deemed admitted and the matter requested is conclusively established for the purposes of the pending case. . . . [A] Rule 36 admission, unless it is allowed to be withdrawn or amended, concludes the matter and avoids any need for proof at trial." *Id*. at 266.

Tenn. R. Civ. P. 36.02, in pertinent part, provides:

> Any matter admitted under this rule is *conclusively established* unless the court on motion permits withdrawal or amendment of the admission. . . . [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby *and* the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. (emphasis added)

Thus, to be entitled to withdraw or amend the admissions at issue Plaintiff must establish that the presentation of the merits of this action will be subserved by such withdrawal or amendment and that Defendant failed to prove that doing so will prejudice Defendant. Accordingly, we will first analyze whether Plaintiff has established that the presentation of the merits of this action will be subserved by withdrawing or amending the admissions.

Defendant propounded its requests for admissions on October 16, 2001. Plaintiff provided an informal reply by letter on October 26, stating merely that the information requested was not available to Plaintiff, that it would be difficult to obtain the discovery sought and it was within the control of Defendant. On January 22, 2002, Defendant filed a motion to have its requests for admissions deemed admitted pursuant to Tenn. R. Civ. P. 36.01 due to Plaintiff's failure to admit or deny. That motion was set for hearing on February 4, 2002. Plaintiff did not file a response to the motion or submit a formal response to the discovery until the day the motion was heard. Following a hearing, the trial court granted Defendant's motion to have the requests for admissions deemed admitted.

Plaintiff's responses to the requests for admissions suggested, in part, that it would be difficult to obtain the discovery sought. That may or may not have been the case; however, in the year following receipt of the discovery requests Plaintiff did not submit nor initiate discovery of any type. Furthermore, Plaintiff did not conduct a test of the concrete in his driveway, which he could have done without Defendant's consent. Moreover, the part of the response that claimed the information requested was within the control of Defendant was inadequate because it is immaterial that one's adversary may have the information that is the subject of the requests. One of the purposes of such requests is to save the time, money and the inconvenience of having to prove that which the parties should admit. *Barbee* at 266.

The deficiencies in Plaintiff's argument are not limited to his inadequate and late responses to discovery. Plaintiff did not file his Rule 36.02 motion for relief from the disputed admissions until seven months after the trial court granted Defendant's motion to have the requests deemed admitted. Even more egregious, it was after Defendant filed its motion for summary judgment, which was almost one year following Plaintiff's receipt of the requests for admissions.

From the foregoing, we find that Plaintiff failed to establish that the merits of the case would be subserved or promoted by the withdrawal or modification of the request for admissions. The "first prong" of the Rule 36.02 test requires that Plaintiff establish that the presentation of the merits of the action would be subserved by the amendment or withdrawal of the admissions. Our reading of Rule 36.02 leads us to conclude that both prongs must be established for Plaintiff to be entitled to relief under the rule. Proving one prong without the other is insufficient. Having found that he failed to satisfy the first requirement, it is immaterial whether Plaintiff could establish the "second prong" of the Rule 36.02 test. Thus, we find that the trial court did not abuse its discretion when it denied Plaintiff's motion for relief from requests for admissions deemed admitted.

### Summary Judgment

While summary judgments are appropriate in almost any civil case that can be resolved on the basis of legal issues alone, *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993)*; Psillas v. Home Depot, U.S.A., Inc.*, 66 S.W.3d 860, 863 (Tenn. Ct. App. 2001), they enjoy no presumption of correctness on appeal. *Scott v. Ashland Healthcare Ctr., Inc.* 49 S.W.3d 281, 285 (Tenn. 2001). Therefore, we must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50 (Tenn. 1997); *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000). Summary judgments are not appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04.

Defendant's motion for summary judgment was primarily based on the above referenced admissions. Plaintiff failed to present other evidence to create a dispute as to the facts established by the admissions. Accordingly, there are no material facts in dispute. Therefore, the trial court acted appropriately when it granted Defendant's motion for summary judgment.

We find the trial court did not abuse its discretion by denying Plaintiff's motion for relief from requests for admissions deemed admitted. Furthermore, the trial court's entry of summary judgment for Defendant was also proper in that there were no material facts in dispute. The costs of this appeal are taxed to Appellant, Todd Hutcheson.

_____
FRANK G. CLEMENT, JR., JUDGE