IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MARCH 21, 2001 Session

# JOE W. ROSS AND LOVIE M. ROSS v. SHELBY COUNTY HEALTHCARE CORP. AND JOHN D. KING, M.D.

### Direct Appeal from the Circuit Court for Shelby County
### No. 85932 T.D.; The Honorable Robert A. Lanier, Judge

_____

### No. W2000-01553-COA-R3-CV - Filed September 10, 2001

_____

This appeal arises from the contraction of the HIV virus by the Appellant after he received blood transfusions from the Appellees. The Appellants brought a complaint with the Circuit Court of Shelby County against the Appellees but then filed a voluntary dismissal without prejudice. The Appellants refiled the complaint against the Appellees. Process for the Appellees was issued but returned unserved. The Appellants failed to reissue process within one year. The Appellants filed a motion for enlargement of time to issue new process pursuant to Rule 6.02 of the Tennessee Rules of Civil Procedure. The trial court denied the Appellants' motion and dismissed the complaint against the Appellees.

The Appellants appeal from the denial of their motion and the dismissal of the complaint against the Appellees by the Circuit Court of Shelby County. For the reasons stated herein, we affirm the trial court's decision.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

August C. Winter, Brentwood, TN, for Appellant, Joe Willard Ross

Charles W. McDonald, Memphis, for Appellant, Lovie M. Ross

Mark S. Norris, Nichole E. Soulé, Memphis, for Appellee, Shelby County Healthcare Corp.

William H. Haltom, Jr., Michael E. Keeney, Memphis, for Appellee, John D. King, M.D.

## OPINION
## I. Facts and Procedural History

On November 2, 1994, the Appellant, Joe W. Ross ("Mr. Ross") was injured in an automobile accident and transported to the Regional Medical Center at Memphis, Tennessee ("the Med") for treatment. Mr. Ross received blood transfusions at the Med. Following Mr. Ross' discharge from the hospital, a physician at the Med mailed Mr. Ross a letter informing him that he had contracted the HIV virus as a result of receiving the blood transfusions.

On November 3, 1995, Mr. Ross and his wife, Lovie Ross ("Mrs. Ross"), filed a complaint in the Circuit Court of Shelby County against Mid-South Regional Blood Center d/b/a Lifeblood, Shelby County Healthcare Corporation d/b/a the Med, American Association of Blood Banks, Inc. d/b/a American Association of Blood Banks, U.T. Medical Group, Inc., William Walker, M.D., Mark Akins, M.D., Timothy Fabian, M.D., and John D. King, M.D. ("Dr. King"). On March 7, 1996, Mr. and Mrs. Ross filed a notice of voluntary dismissal without prejudice as to the Med, American Association of Blood Banks, U.T. Medical Group, William Walker, and Dr. King. The order of voluntary dismissal without prejudice was filed on March 13, 1996.

Mr. and Mrs. Ross refiled the complaint against the Med, American Association of Blood Banks,[1] and Dr. King on March 13, 1997. Process for the Med and Dr. King was issued but was returned unserved. On October 28, 1997, the attorneys representing Mr. and Mrs. Ross withdrew from the case. The date for refiling the action against the Med and Dr. King, March 13, 1998, passed without a reissuance of process.

On February 16, 1999, Mr. Ross, through new counsel, filed a motion for enlargement of time to issue new process pursuant to Rule 6.02 of the Tennessee Rules of Civil Procedure. The motion was based on the grounds of excusable neglect on the part of Mr. and Mrs. Ross and lack of prejudice to the Med and Dr. King. The motion was supported by the affidavits of Mr. Ross and his treating psychiatrist, Thomas Bannister ("Dr. Bannister"). Mr. Ross stated in his affidavit that he has had problems understanding and remembering things since he learned that he had contracted the HIV virus. Mr. Ross also stated that he had no memory of being under any kind of a deadline in March of 1998. Dr. Bannister stated in his affidavit that he believed that Mr. Ross' memory and concentration had been impaired at times over the past few years.

Following a hearing on May 21, 1999, the trial court denied Mr. Ross' motion and dismissed the complaint of Mr. and Mrs. Ross against the Med and Dr. King. The trial court found that Mr. and Mrs. Ross' excusable neglect argument was without merit. The trial court further found that Mr. and Mrs. Ross failed to show that there was no harm or prejudice to the Med and Dr. King from the delay.

---

[1]The trial court entered an order of voluntary dismissal with prejudice as to American Association of Blood Banks on May 18, 1999.

Mr. and Mrs. Ross filed motions to alter or amend the order. The motions were supported by the affidavits of Mr. Ross, Mrs. Ross, and Louis Jay Miller ("Mr. Miller"). Mr. Ross stated by affidavit that he was aware of family members and friends who are not deceased that have knowledge of facts relating to his claim for damages. He stated that the delay had not impaired the Med and Dr. King's ability to contact these witnesses. Mrs. Ross stated by affidavit that she does not recall her attorneys informing her about deadlines. Mrs. Ross also stated that she was aware of family members and friends who are not deceased that have knowledge of facts relating to her claim for damages. She stated that the delay had not impaired the Med and Dr. King's ability to contact these witnesses. Mr. Miller, attorney for American Association of Blood Banks, stated by affidavit that, in April, 1997, he advised counsel for the Med and Dr. King that Mr. and Mrs. Ross had refiled the complaint. On May 26, 2000, the trial court denied the motions to alter or amend. This appeal followed.

## II. Standard of Review

The standard of review for a non-jury case is *de novo* upon the record. See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. See TENN. R. APP. P. 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

## III. Law and Analysis

The sole issue presented for our review is whether the trial court abused its discretion by denying Mr. Ross' motion for enlargement of time to issue new process pursuant to Rule 6.02 of the Tennessee Rules of Civil Procedure. In situations where service of process is returned unserved, the plaintiff must issue new process within one year of the previous process pursuant to Rule 3 of the Tennessee Rules of Civil Procedure in order to rely upon the original commencement of the civil action to toll the statute of limitations. See TENN. R. CIV. P. 3 (2000). Rule 3 provides as follows:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30 days or is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Id.

Rule 6.02 of the Tennessee Rules of Civil Procedure grants the trial court broad discretion to enlarge procedural time limitations established by the Rules of Civil Procedure.  See TENN. R. CIV. P. 6.02 (2000).  Rule 6.02 states in pertinent part:

> When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, . . . (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect.

Id.

In support of their respective arguments, Mr. and Mrs. Ross, the Med, and Dr. King rely on Douglas v. Estate of Robinson, 876 S.W.2d 95 (Tenn. 1994), as governing the application of Rule 6.02 to the case at bar.  In Douglas, the sole issue for consideration was whether the trial court abused its discretion in granting the plaintiffs' motion for enlargement of time to substitute a party under Rule 6.02.  See id. at 96.  The court cited with approval Wagner v. Frazier, 712 S.W.2d 109 (Tenn. Ct. App. 1986) which held that "in instances of excusable neglect *and*, where the opposing party has not been prejudiced by the delay," the trial court in its discretion may grant a Rule 6.02 motion for enlargement of time.  Douglas, 876 S.W.2d at 97 (citing Wagner, 712 S.W.2d at 113).  In the case at bar, the trial court placed the burden upon Mr. and Mrs. Ross to show that their failure to timely issue process was a result of excusable neglect and that the Med and Dr. King were not prejudiced or harmed by the delay.  The trial court found that Mr. and Mrs. Ross were unable to meet their burden and thus, denied their motion for enlargement of time and dismissed the complaint.

We must first determine whether Mr. and Mrs. Ross satisfied their burden to show that their failure to issue timely process was a result of excusable neglect.  Mr. and Mrs. Ross claim that Mr. Ross was mentally impaired such that he was unable to understand or remember that he was under a time limit to reissue process.  In support of their argument, Mr. and Mrs. Ross presented an affidavit of Mr. Ross' treating psychiatrist, Dr. Bannister.  Dr. Bannister's affidavit stated that Mr. Ross suffered from major depression and anxiety which impaired Mr. Ross' memory and concentration at times during the past few years.  The affidavit does not specify the degree of Mr. Ross' impairment or point to specific times when Mr. Ross' memory and concentration were impaired.  Furthermore, the affidavit does not state that Mr. Ross was unable to make decisions or take actions relating to or affecting his lawsuit.  Thus, we agree with the trial court's finding that "the affidavit entirely fails to demonstrate that Plaintiff Joe Ross was rendered helpless to pursue his lawsuit."

Mr. and Mrs. Ross also claim that they satisfied their burden to show excusable neglect because they were not aware of a time limit for reissuing service of process.  Mr. and Mrs. Ross point to the fact that they were unrepresented from October, 1997 until early 1999.  Mr. and Mrs. Ross were represented, however, during approximately six months of the period of time in which they could have reissued process under Rule 3.  Additionally, we decline to excuse a failure to

comply with the Tennessee Rules of Civil Procedure based on ignorance of the applicable rule. Based on the above, we find that Mr. and Mrs. Ross failed to satisfy their burden to show excusable neglect. The standard articulated by the Douglas court required a showing of both excusable neglect *and* lack of prejudice. Because we find that Mr. and Mrs. Ross are unable to meet this standard due to their failure to show excusable neglect, the issue of lack of prejudice is pretermitted.

Trial courts are granted broad discretion over procedural matters. See id. at 97. Accordingly, appellate courts review decisions regarding procedural matters using the deferential "abuse of discretion" standard of review. "An appellate court will not reverse a discretionary judgment of the trial court unless it affirmatively appears that such discretion has been explicitly abused to great injustice and injury of the party complaining." Id. (citing TENN. R. APP. P. 36(b); Bruce v. Bruce, 801 S.W.2d 102, 107 (Tenn. Ct. App. 1990)). The burden is on the plaintiff to show that the trial court abused its discretion. We find that Mr. and Mrs. Ross failed to satisfy their burden to show that the trial court abused its discretion in denying the motion for enlargement of time pursuant to Rule 6.02.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellants, Joe W. Ross and Lovie M. Ross, for which execution may issue if necessary.

ALAN E. HIGHERS, JUDGE