IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 17, 2017 Session

## RANDALL E. PEARSON, MD, ET AL. v. PAUL KOCZERA, ET AL.

**Appeal from the Circuit Court for Anderson County**
**No. B2LA0060     John D. McAfee, Judge[1]**

_____

**No. E2017-00258-COA-R3-CV**

_____

This appeal follows prior appeals in this litigation that has spanned a decade. In this latest appeal, the trial court determined that the motions filed by the administrator ad litem for the estate of the third-party plaintiff should be denied. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, J. and NORMA MCGEE OGLE, SP. J., joined.

Wanda McClure Dry, Danville, Kentucky, pro se appellant, as administrator ad litem for the Estate of Laurence R. Dry.

Darryl G. Lowe, Edward G. White, II, Gregory Brown, John T. Rice, Joshua J. Bond, and Wynne du M. Caffey-Knight, Knoxville, Tennessee, for the appellees, Christi Lenay Fields Steele; Randall E. Pearson, MD; Laurence Thomas O'Connor, Jr., MD; Joshua R. Walker; Jeffery Scott Griswold; Jeffrey A. Woods; and State Volunteer Mutual Insurance Company.

### OPINION

### I. BACKGROUND

In 2008, Lawrence Thomas O'Connor, Jr., MD, performed two surgeries on Paul Koczera. Later that year, Mr. Koczera and his wife, represented by Laurence R. Dry and

---

[1]By Interchange.

Wanda McClure Dry,[2] filed a healthcare liability action against Dr. O'Connor and his practice. Joshua R. Walker and Jeffery Scott Griswold ("Attorneys") were counsel for Dr. O'Connor. Jeffrey A. Woods was the insurance adjuster for Dr. O'Connor's insurer, State Volunteer Mutual Insurance Company ("SVMIC"). Dr. O'Connor was eventually dismissed from the action on summary judgment for insufficiency of service of process. Christi Lenay Fields Steele, the office manager for the practice, had been served with the process for Dr. O'Connor. She then gave the complaint and summons to another doctor, Dr. Randall E. Pearson, MD, who gave the papers to Dr. O'Connor. Because Ms. Steele was not authorized to accept service of process on behalf of Dr. O'Connor, the physician was dismissed as a defendant. Subsequently, in 2010, the Koczeras, again represented by the Drys, filed a lawsuit against Dr. O'Connor's partner, Dr. Pearson; his office manager, Ms. Steele; and the medical practice for wrongfully interfering with service of process on Dr. O'Connor and to recover damages due to the decrease in value of the original case caused by the dismissal of Dr. O'Connor.

In late November 2010, a settlement was apparently reached at mediation, and the Koczeras moved to dismiss the case against Dr. Pearson and Ms. Steele. At a hearing on the motion in 2011, however, Mr. Walker requested that the court grant his motion for summary judgment rather than dismiss the case on the Koczeras' motion. On June 29, 2011, the trial court granted summary judgment in favor of Ms. Steele, Dr. Pearson, and Tennessee Urology Associates, PLLC ("TUA"). A complaint for malicious prosecution was eventually filed against Dr. Dry, Ms. Dry, and the Koczeras in early 2012. By this time, Dr. Dry had suffered a stroke and was rehabilitating in Florida. In May 2012, the Drys filed an answer as counsel for themselves and each other, noting their professional address as 140 East Division Road, Suite A5, in Oak Ridge, Tennessee. Dr. Dry, acting pro se, filed a third-party action as the sole plaintiff. His third-party complaint included claims for abuse of process, interference with Dr. Dry's business, malicious prosecution, and conspiracy. About two weeks after filing the third-party complaint, Dr. Dry died.

On May 25, 2012, an attorney for the appellees served a suggestion of death on Ms. Dry at her law office, at the same address shown on the pleadings that she and Dr. Dry filed in the malicious prosecution case. Ms. Dry, the surviving spouse, was both a party and an attorney for other parties in that action. According to Ms. Dry, attorney White called her "and encouraged her to suspend 'any action in the litigation by agreement so that Ms. Dry could consider what further action, if any would be taken to further pursue the litigation.'" Ms. Dry asserts that Mr. White "neglected to mention that he had filed a Suggestion of Death so the case would be dismissed if a motion to substitute was not filed within the 90 day time period allowed by Rule 25.01 of the

---

[2]Ms. Dry has appeared in this legal saga as co-counsel in the healthcare liability action, a defendant and co-counsel in the malicious prosecution action, as a widow, and the administrator ad litem of Dr. Dry's estate. She was not a third-party plaintiff in the action filed by Dr. Dry pro se just prior to his death.

Tennessee Rules of Civil Procedure."[3] Rule 25.01(1) specifically provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process.
>
> Unless the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

On October 16, 2012, more than ninety days after Mr. White filed the suggestion of Dr. Dry's death, Ms. Dry sent a letter to counsel for SVMIC and Mr. Woods, notifying them of her change of address from 140 East Division Road in Oak Ridge to "Wanda M. Dry, the Dry Law Firm, P.O. Box 2122, Danville, KY." On November 13, 2012, Attorneys filed a motion to dismiss Dr. Dry's third-party complaint for failure to file a timely motion for substitution pursuant to Rule 25.01. They also filed a motion for judgment on the pleadings. All the appellees joined in the motion to dismiss for failure to substitute. According to Ms. Dry, it was at this time that she first saw the suggestion of death.

On December 4, 2012, notice was given to Ms. Dry that the motions would be heard on December 20, 2012. Ms. Dry, however, made no response to the motions. She appeared by telephone at the hearing and advised the trial court that she was "appearing today just as the attorney for myself in the – as a defendant. I'm not representing [Dr. Dry] in any way or his estate or anything to do with that. I think all of these motions are against him or his estate. He's a pro se defendant or a pro se party." She asserted that she was not "a party in this action." Ms. Dry clarified that an estate had not been opened for Dr. Dry at that time and that she was "not the executrix of the estate or the administrator of the estate." Despite her lack of standing as a party or legal counsel for a party, the trial court allowed Ms. Dry to make statements and argument at the hearing. The court granted the motions filed by the appellees and entered a final order on December 28, 2012, dismissing Dr. Dry's third-party complaint.

---

[3]There is no time requirement for making the suggestion of death upon the record, and until it is made, the ninety-day period for a motion to substitute does not begin to run. 3 Tenn. Prac. Rules of Civil Procedure Ann. 25:2 (4th ed.).

On January 14, 2013, Ms. Dry attempted to file a notice of appearance to appoint herself as counsel for Dr. Dry. Two days later, she also filed a notice of appeal of the dismissal of the third-party complaint, purportedly on behalf of Dr. Dry. Upon filing a petition for appointment as administrator ad litem on behalf of Dr. Dry's estate for the limited purpose of pursuing the third-party complaint on February 27, 2013, on March 7, 2013, over nine months after Dr. Dry's death and almost three months after the order of dismissal was entered, Ms. Dry obtained an order appointing herself as administrator ad litem for the estate of Dr. Dry.

On March 25, 2013, Ms. Dry attempted to file a notice of appearance for the third-party plaintiff in the trial court. On April 9, 2013, she filed a "Motion to Substitute and/or Motion for Enlargement of Time" in the trial court, asking to enlarge the time for her to substitute herself as administrator ad litem in place of the deceased third-party plaintiff, Dr. Dry, and herself as counsel for the administrator ad litem. According to Ms. Dry, until she was appointed as administrator ad litem, she did not have a legal duty to act regarding any aspect of this case.

After the appeal came before us, we held that the appellees had provided proper notice of the suggestion of death by mailing a copy to the law firm address of Dr. Dry and Ms. Dry, an attorney in his law firm. This court then held that Ms. Dry, as Dr. Dry's surviving spouse, did not have standing to file the appeal because (1) she was not a party to the third-party complaint, (2) she did not represent Dr. Dry, and (3) she did not represent Dr. Dry's estate, which had not been opened when the trial court entered its final judgment. *See Dry v. Steele*, No. E2013-00291-COA-R3-CV, 2014 WL 295777, at *1 (Tenn. Ct. App. Jan. 28, 2014) ("*Dry* I"). We also opined that even if Ms. Dry had standing to argue her other issues, she waived them by failing to raise them in the trial court.[4] After the Tennessee Supreme Court denied discretionary review, Ms. Dry filed a petition for writ of certiorari to the United States Supreme Court, which was denied on October 22, 2014. *See Dry v. Steele*, 133 S. Ct. 405 (Mem.)(2014).

Following the dismissal of Ms. Dry's first appeal, she filed several motions as administrator ad litem with the trial court. On June 4, 2015, the court heard argument on Ms. Dry's motion to substitute in place of the third-party plaintiff and/or motion for enlargement of time. Ms. Dry argued that because this court had found that she did not have standing to appeal, we exceeded our jurisdiction in issuing the earlier judgment and opinion. According to Ms. Dry, the judgment was not binding on her because she was not a party to the third-party case. On June 19, 2015, however, the trial court denied the motion, holding that it lacked jurisdiction to hear it. The court determined that we had already ruled that the suggestion of death had been properly served. Relying upon the law of the case doctrine, the trial court concluded that Ms. Dry's failure to timely file

---

[4]We vacated the trial court's judgment on the other motions. The case was dismissed pursuant to Rule 25.01. *Dry* I, 2014 WL 295777, at *5.

motions to substitute or for enlargement of time was not the result of excusable neglect. Five days later, Dr. Pearson, Ms. Steele, and TUA voluntarily dismissed their malicious prosecution suit against all the original defendants, including Ms. Dry.

Approximately a month later, Ms. Dry filed a Rule 59/Rule 60 motion to vacate the trial court's orders of December 28, 2012 and June 19, 2015. The appellees responded, arguing that we had previously determined that the suggestion of death had been properly filed and served and that the trial court had correctly dismissed the third-party complaint. The appellees observed that the trial court was without jurisdiction to alter its prior order because the earlier ruling had become the "law of the case." Believing that it lacked jurisdiction, the court entered an order denying Ms. Dry's motion.

Ms. Dry, as administrator ad litem, filed a notice of appeal. Upon review, we noted the following about *Dry* I:

> In the first appeal, Ms. Dry raised issues regarding, *inter alia*, (1) whether the trial court erred in granting the motions to dismiss "because the administrator ad litem was not represented at the hearing and was not allowed to present proof that the ninety day window for filing the motion to substitute had not yet passed" or should be enlarged and (2) whether Tennessee Rule of Civil Procedure 25.01, as applied, violated Dr. Dry's state and federal constitutional rights. Regarding the application of Tennessee Rule of Civil Procedure 25.01, this Court ruled that the suggestion of death filed by SVMIC and Mr. Woods was properly served upon Ms. Dry but that Ms. Dry failed to file a motion for substitution within ninety days as required by Tennessee Rule of Civil Procedure 25.01. The Court concluded that because the plain language of Tennessee Rule of Civil Procedure 25.01 mandated dismissal of the deceased party under such circumstances, the trial court properly dismissed Dr. Dry's third-party complaint.
>
> This Court also determined that Ms. Dry had no standing to appeal the trial court's judgment of dismissal, stating:
>
>> At the time of the trial court's entry of final judgment, Ms. Dry did not have authority or standing to file a notice of appeal. As already discussed, she was not a party to the action, nor did she represent Dr. Dry. Because the estate had not been opened, there was no estate to be represented and Ms. Dry clearly told the

court that she did not represent his estate. We are of the opinion that Ms. Dry's entry of a notice of appearance as counsel for Dr. Dry, filed with the trial court on January 14, 2013, was ineffective and did not provide her authority to file a notice of appeal on his behalf. It is obvious that a lawyer cannot unilaterally create an attorney-client relationship with a deceased person. Furthermore, Tenn. Code Ann. 30-1-101 provides that "[n]o person shall presume to enter upon the administration of any deceased person's estate until the person has obtained letters of administration or letters testamentary." This had not been done at the time of the final judgment.

Ms. Dry's actions in petitioning the trial court to be appointed administrator ad litem and hiring herself as counsel for administrator ad litem came too late to save this appeal. According to her motion to consider post-judgment facts, she was appointed administrator ad litem on March 7, 2013, approximately five weeks after the 30-day period for filing a notice of appeal had expired. "The time limit set out in Rule 4 is jurisdictional in a civil case [and] this court has no discretion to expand the time limit set out in Rule 4." We acknowledged in *Goss* "that trial courts can, in certain extraordinary circumstances, grant relief in accordance with the requirements of Rule 60.02, T.R.C.P., to parties who failed to file their notice of appeal within the period of time provided for in the Tennessee Rules of Appellate Procedure," but that such relief "relating to timeliness of an appeal is available only under the most unusual, rare, compelling and propitious circumstances." In any event, Ms. Dry did not seek relief under Rule 60.02 from the trial court.

*Dry* II, 2016 WL 343958, at *4 (quoting *Dry* I, 2014 WL 295777, at *6-7 (internal citations omitted)). We held that the trial court did possess jurisdiction to act on Ms. Dry's motion as administrator ad litem to alter/amend or vacate and remanded for further proceedings. *See Pearson v. Koczera*, No. E2015-02081-COA-R3-CV, 2016 WL 5343958 (Tenn. Ct. App. Sept. 23, 2016) ("*Dry* II").

Upon remand back to the trial court, on December 1, 2016, Ms. Dry filed a motion

for recusal of the trial judge for personal bias. Her motion to alter/amend or vacate, along with the recusal motion, came on for hearing on December 6, 2016, at which time all the motions were denied. The trial court applied the law of the case doctrine and concluded that the suggestion of death was properly served, that Ms. Dry had ample time to take action to preserve the third-party complaint but failed to do so, that the circumstances causing delay were within Ms. Dry's control, that there was prejudice to the third-party defendants as a result of her delay, that Ms. Dry failed to pay appropriate attention to the matter, that Ms. Dry failed to act reasonably, and that Ms. Dry has not shown excusable neglect warranting an extension of time. After Ms. Dry's timely appeal, this case is again before us for review.

## II. ISSUES

Ms. Dry raises the following issues in this appeal:

> 1. Did the trial court err by failing to grant the administrator ad litem's motion to substitute?
> 2. Did the trial court err by failing to vacate the December 28, 2012 order because it is void?
> 3. Did the trial court violate the administrator ad litem's state and federal constitutional rights by refusing to hear the motions that she filed in the trial court?
> 4. Did the trial court abuse its discretion by denying the administrator ad litem's motion for enlargement of time in which to file a motion to substitute?
> 5. Did the trial court err by failing to grant the administrator ad litem's recusal motion?

The appellees raise the following issues on appeal:

> 1. Whether the trial court erred in denying Ms. Dry's "motion for recusal of the court."
> 2. Whether the trial court erred in denying Ms. Dry's Rule 59.04/Rule 60.02 motion, and her Rule 6 "motion to substitute and/or motion for enlargement of time."

## III. STANDARD OF REVIEW

Our review is de novo upon the record, with a presumption of correctness as to any factual determinations made by the trial court, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). *Murfreesboro Med. Clinic, P.A. v. Udom*, 166 S.W.3d 674, 678 (Tenn. 2005)). The trial court's conclusions of law, however, are

accorded no such presumption. *Id.*

The interpretation of the Tennessee Rules of Civil Procedure is a question of law. *Sowell v. Estate of Davis*, No. W2009-00571-COA-R3-CV, 2009 WL 4929402, at *3 (Tenn. Ct. App. Dec. 21, 2009). The resolution of the motions at issue turns on the application of the rules to the facts of this case. "Trial courts are afforded broad judicial discretion in procedural matters in order to expedite litigation and to preserve fundamental rights of the parties." *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn. 1994). An appellate court will not reverse a trial court's discretionary judgment unless it affirmatively appears that such discretion has been explicitly abused to the great injustice and injury of the party complaining. *See* Tenn. R. App. P. 36(b); *Bruce v. Bruce*, 801 S.W.2d 102, 107 (Tenn. Ct. App. 1990).

The trial court's ruling on the motion for disqualification or recusal shall be reviewed by the appellate court under a de novo standard of review. Tenn. Sup. Ct. R. 10B, § 2.06. Prior to the adoption of Rule 10B, appellate courts reviewed recusal decisions under an abuse of discretion standard. *See State v. Hester*, 324 S.W.3d 1, 72-73 (Tenn. 2010); *Bailey v. Blount Cnty. Bd. of Educ.,* 303 S.W.2d 216, 239-40 (Tenn. 2010).

## IV. DISCUSSION

### I.

### <u>Recusal</u>

The first issue we address is whether the trial court erred in not recusing itself. According to Rule 2.11 the Rules of Judicial Conduct:

> (A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> (1) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.
>
> * * *

Tenn. Sup. Ct. R. 10, 2.11(A)(1). Additionally, the Tennessee Supreme Court Rules provide:

> Upon the filing of a motion pursuant to section 1.01 (for recusal), the judge shall act promptly by written order and either grant or deny the motion. If the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion.

Tenn. Sup. Ct. R. 10B, § 1.03.

A core tenet of our jurisprudence is that litigants have a right to have their cases heard by fair and impartial judges. *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). Judges must conduct themselves "at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Tenn. Sup. Ct. R. 10, Cannon 2(A), 3(B)(2).

"To disqualify, prejudice must be of a personal character, directed at the litigant, and must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from participation in the case." *Watson v. City of Jackson*, 448 S.W.3d 919, 929 (Tenn. Ct. App. 2014) (citing *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). If the bias is alleged to stem from events occurring in the course of the litigation, the party seeking recusal has a greater burden to show bias that would require recusal, i.e., that the bias is so pervasive that it is sufficient to deny the litigant a fair trial. *McKenzie v. McKenzie*, No. M2014-00010-COA-10B-CV, 2014 WL 575908, at *3 (Tenn. Ct. App. Feb. 11, 2014). Rulings of the trial judge, even if erroneous, numerous, and continuous, do not, without more, justify disqualification. *Id.* (citing *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012)). "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *United States v. Adams*, 722 F. 3d 788, 836 (6th Cir. 2013). Recusal is not required because a judge has formed an opinion that a particular counsel is abrasive. *Marcum v. Caruana*, No. M2012-01827-COA-10B-CV, 2012 WL 3984631, at *7 (Tenn. Ct. App. Sept. 11, 2012). "A judge's irritation or exasperation with counsel, criticism of counsel for perceived delays or failures to follow rules, friction occurring during litigation, or even sanctions or contempt charges do not establish the objective personal bias that would prevent a fair assessment of the merits of the case." *McKenzie*, 2014 WL 575908, at *5. Further, the mere fact that a judge has ruled adversely to a party in a prior judicial proceeding is not grounds for recusal. *See State v. Hines*, 919 S.W.2d 573, 578 (Tenn. 1995).

A motion for recusal should be timely filed when the facts forming the basis of that motion become known. *Davis v. Tenn. Dept. of Employment Sec.*, 23 S.W.3d 304, 313 (Tenn. Ct. App. 1999). Failure to seek recusal in a timely manner may result in the waiver of any complaint concerning the judge's impartiality. *Id.*

- 9 -

Ms. Dry contends that the trial judge showed a personal bias toward her and her deceased husband, Dr. Dry. Additionally, she alleges bias from actions, statements, and rulings made during or as a result of various hearings.

The court's comments relied upon by Ms. Dry do not support her claim of bias and prejudice. The transcripts before us do not reflect the judge as being disrespectful to counsel. Statements of fact based upon the trial judge's observations in court did not indicate any bias toward Ms. Dry on any extrajudicial information. The record before us reveals that the trial court presided over this matter in a neutral and unbiased manner. We find no improper rulings, remarks, or conduct at trial by the judge that can be attributed to partiality. Thus, we affirm the trial court's order denying recusal.

## II.

## Rule 60.02[5]

Rule 60.02 of the Tennessee Rules of Civil Procedures provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . (3) the judgment is void; (4) . . . a prior judgment upon which it is based has been reversed or otherwise vacated; or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02.

Ms. Dry contends that the final judgment dismissing the third-party complaint was void. She argues that neither the trial court nor this court had the authority or jurisdiction to hold that the appellees provided proper notice of suggestion of death as required by Rule 25.01 of the Tennessee Rules of Civil Procedure. According to Ms. Dry, because we held that she did not have standing to pursue the prior appeal, our prior ruling as to proper notice is dicta and not binding on either the trial court or this court in this appeal. Ms. Dry then argues that because she was not personally served with the notice of suggestion of death, the court never acquired personal jurisdiction over her. She asserts that even if the case was properly dismissed as to her in her personal capacity, it was not dismissed to her in her capacity as administrator ad litem. She notes in her brief that since she became administrator ad litem and filed her motion to substitute on April 11, 2013, she was never properly served with the suggestion of death. Thus, Ms. Dry argues

---

[5]Ms. Dry conceded that relief pursuant to Rule 59.04 was time-barred.

"that the ninety (90) day window in which to file a Motion to Substitute has still not yet been opened, much less closed."

The appellees assert that once the notice of suggestion of death was placed on the record, Ms. Dry, as surviving spouse or law partner of Dr. Dry, or any other heir, successor or representative, could have properly filed a motion to substitute a person in place of Dr. Dry, and that motion, along with notice of a hearing on the motion, would have to be served on non-parties, presumably other heirs, pursuant to Rule 4. According to the appellees, contrary to the assertions of Ms. Dry, it is not the suggestion of death that has to be served on non-parties in accordance with Rule 4, but rather the motion to substitute. As it has been established by this court's prior ruling that the notice of suggestion of death was properly served, the appellees contend that the judgment of dismissal is not void. Rule 25.01 provides that, subsequent to the notice of suggestion of death on the record, "[t]he motion for substitution may be made by any party or by the successors or representatives of the deceased party, and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process." The dispositive motions by Attorneys were filed 138 days after the suggestion of death was served. On December 4, 2012, 163 days after the notice of suggestion of death was served, Attorneys served Ms. Dry with a notice of hearing on their motions, with the hearing set for December 20, 2012. Ms. Dry does not contend that she did not receive the motions and the notice of hearing.

Ms. Dry's arguments in this appeal are similar to the ones she raised in both the first and second appeals concerning service of the suggestion of death, due process considerations, and her reasons for not positioning herself to have standing as administrator ad litem or seeking an enlargement of time either before or within thirty days after the trial court dismissed the third-party complaint. In our *Dry* I opinion, we noted as follows:

> We first address the issue of whether the trial court correctly granted the defendants' motion to dismiss for failure to file a motion for substitution within 90 days after the defendants filed a suggestion of death. Ms. Dry argues that the 90-day period provided in Tenn. R. Civ. P. 25.01 was not triggered because the defendants did not properly serve notice of the suggestion of death. We disagree. The defendants served notice by filing the suggestion of death with the trial court and by mailing a copy to all parties. A copy of the suggestion of death was mailed to the Dry Law Firm at its Oak Ridge address. At that time, Ms. Dry was a co-defendant with Dr. Dry in the malicious prosecution action; co-counsel with Dr. Dry representing the Koczeras as defendants in the malicious

- 11 -

prosecution action; and Dr. Dry's surviving spouse. . . .

Moreover, the Dry Law Firm actually received the notice and copy of the suggestion of death. . . . Ms. Dry admitted at oral argument that the Dry Law Firm was open and operating at its Oak Ridge address at the time the suggestion of death was mailed. . . . Under these circumstances, we hold that the defendants provided sufficient and proper notice under Tenn. R. Civ. P. 25.01.

*Dry* I, 2014 WL 295777 at *4. As we further noted in the *Dry* I opinion,

Ms. Dry had clear avenues for potential relief in the trial court. As the Supreme Court stated twenty years ago,

Rule 25.01 clearly directs the dismissal of an action if no motion for substitution of parties is made within 90 days after suggestion of death upon the record. However, Rule 6.02, Tenn. R. Civ. P. grants the trial judge broad discretion to enlarge many of the procedural time limitations prescribed by the Rules of Civil Procedure. Rule 6.02 states in pertinent part:

When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure was the result of excusable neglect . . .

* * *

Tenn. R. Civ. P. 6.02 grants the trial judge wide latitude to enlarge on statutory or rule mandated limitations for the performance of acts required or allowed to be done within a specified time. Cause must be shown, to which we add the requirement that

- 12 -

it must be reasonable cause. The largesse may be granted even if application is made after the expiration of the specified period allowed to make the request where the failure was the result of excusable neglect.

*Douglas [v. Estate of Robertson]*, 876 S.W.2d [95] at 97-98 [(Tenn. 1994)]. Thus, Ms. Dry could have filed a motion under Rule 6.02 to enlarge the procedural 90-day limitation on the ground that the failure to file a motion to substitute was the result of excusable neglect. Moreover, the trial court told Ms. Dry that it was amenable to considering a motion to reconsider its ruling that Dr. Dry's third-party action should be dismissed, stating the following at the hearing:

What I would suggest that you do is if you're going to retain counsel in reference to this matter, and it may be that somebody may want to file a motion for reconsideration, I have no earthly idea what you all are going to do, but I'm inclined to grant [defendants'] motions as have been argued here based upon my review of the record . . .

* * *

[Defendants' counsel are] going to go ahead and prepare orders and they're going to forward those orders to you. I suggest that you take that –take it to a lawyer.

If you want to file something for reconsideration, I'll be more than happy to consider it once a lawyer gets involved in the matter.

Ms. Dry did not file a motion to alter or amend or otherwise ask the court to reconsider. The trial court's order of dismissal was a final judgment upon its entry on December 28, 2012. The 30-day period for filing a notice of appeal started on that date.

* * *

Ms. Dry's actions in petitioning the trial court to be

appointed administrator ad litem and hiring herself as counsel for administrator ad litem came too late to save this appeal. According to her motion to consider post-judgment facts, she was appointed administrator ad litem on March 7, 2013, approximately five weeks after the 30-day period for filing a notice of appeal had expired.

*Dry* I at *5-7.

Ms. Dry is bound by our prior rulings that the suggestion of death was properly served. She inexcusably failed to move to substitute and, in addition, failed to move for an enlargement of time to substitute. Likewise, she failed to timely file a motion for reconsideration or to alter or amend. She completely failed to take any action whatsoever to preserve the third-party complaint. Ms. Dry had sixteen days from the notice of hearing to the date of the hearing to file a motion with the court for enlargement of time to substitute a new third-party plaintiff. She had 179 days from the notice of suggestion of death to move for enlargement of time to substitute. She had the same amount of time to move the probate court to appoint her as administrator ad litem, which would have enabled her to enter an appearance as counsel for the third-party plaintiff and substitute herself as third-party plaintiff.

Ms. Dry has not made a showing of any compelling circumstances in her Rule 60.02 motion. She is unable to show the judgment of dismissal is void and that she is entitled to any relief under Rule 60.02. Accordingly, the trial court correctly denied her claim for extraordinary relief.

## Rule 6.02

Despite the mandatory language set forth in Rule 25.01(1), Rule 6.02 of the Tennessee Rules of Civil Procedure provides that the time within which an act must be performed may be enlarged upon the showing of excusable neglect:

> When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect. . . .

- 14 -

Rule 6.02 grants the trial judge broad discretion to enlarge many of the procedural time limitations prescribed by the Rules of Civil Procedure. Section (2) of the rule is applicable only if Ms. Dry can prove that her failure to timely act to file motions for the enlargement of time and to substitute was a result of excusable neglect.

Determining whether neglect is excusable is an equitable determination "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Servs. Co. v. Brunswick Assoc., Ltd. P'ship*, 507 U.S. 380, 395 (1993). The relevant circumstances consider all causes and effects, including (1) the danger of prejudice to the party opposing the late filing; (2) the length of delay and its potential impact on proceedings; (3) the reason why the filing was late and whether that reason or reasons were within the filer's reasonable control; and (4) the filer's good or bad faith. *Id.* A party's failure to meet a deadline may have causes ranging from forces beyond its control to forces within its control. *Id.* at 387, 388. The former will almost always substantiate a claim of excusable neglect; the latter will not. *Id.*; *State ex rel. Sizemore v. United Physicians*, 56 S.W.3d 557, 570 (Tenn. Ct. App. 2001).

When asked about any other reasons for excusable neglect, the appellees note that Ms. Dry "launched into a recitation of her unfamiliarity with the law – that despite having practiced ten years, until this case, she had never heard of a Suggestion of Death, nor the procedure for substitution following a death." She noted that she was "only Dr. Dry's employee and never lead counsel." She returned to the argument concerning service:

> I didn't just even think about just filing a motion for extra time because, like I said, I had never been put on notice that they had filed a suggestion of death. I had no idea that I had any duty to do anything. I did not have a legal duty. And if you read like what the purpose is of the personal service is to put someone on notice so that they know they need to do something.

The reasons given by Ms. Dry do not establish excusable neglect. As argued by the appellees, the means to preserve Dr. Dry's claim were within her control. Prior to the dismissal, she could have sought appointment or filed a Rule 6.02 motion requesting more time to permit her to become appointed and substitute in. During the 30-day period after the dismissal, she could have filed motions under Rules 6.02, 59.04, or 60.02.

In this case, the record clearly indicates that Ms. Dry failed to take any action to timely preserve the cause of action despite having actual knowledge of the suggestion of death, actual knowledge of the filing of the appellees' motion to dismiss for failure to substitute and motion for judgment on the pleadings, and actual notice of the hearing on the pending motions. Although she had knowledge, Ms. Dry did not pay attention to this

matter despite the fact that remedial action was within her control. She failed to timely respond and to protect her own interests. Further, the appellees were harmed by Ms. Dry's actions. If Ms. Dry had properly and timely arranged for substitution, the appellees would not have had to incur the time and expense of responding to Ms. Dry's continual court filings, appeals, and litigation of this matter since 2012. Therefore, Ms. Dry is not entitled to any relief based on her claim of excusable negligence. Under the circumstances before us, we believe that the trial court was justified in ruling that the conduct of Ms. Dry was not excusable. Thus, we conclude that Ms. Dry has failed to show that the trial court abused its discretion in denying the motion to enlarge time.

## V. CONCLUSION

We affirm the ruling of the trial court denying (1) the Rule 60.02 motion to alter/amend or vacate the dismissal of the third-party complaint, (2) the Rule 6.02 motion for enlargement of time, and (3) the motion for recusal. The case is remanded for the collection of costs below. Costs on appeal shall be assessed to the appellant, Wanda McClure Dry, administrator ad litem for the Estate of Laurence R. Dry.

_____
JOHN W. MCCLARTY, JUDGE