IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 4, 2026

## TRAY SIMMONS v. DR. SHAHIDUL ISLAM ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 15C1107   Joseph P. Binkley, Jr., Judge**

_____

### No. M2025-01261-COA-R3-CV

_____

The Appellant brought suit against his psychiatrist and the psychiatrist's clinic, but the trial court granted summary judgment to the defendants. After appellate briefing and oral argument but prior to the filing of the opinion of the Court of Appeals affirming the trial court, the psychiatrist died. The Appellant became aware of the death after the Tennessee Supreme Court denied his application for permission to appeal. He, subsequently, filed numerous motions for relief in the trial court. The trial court denied relief under Rule 60 and denied the other motions. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JEFFREY USMAN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and W. MARK WARD, SP. JJ., joined.

Tray Simmons, Hermitage, Tennessee, pro se.

### OPINION

#### I.

In 2015, Tray Simmons brought a health care liability action against his psychiatrist, Dr. Shahidul Islam, and against Anxiety Depression Disorders Clinic (the Clinic), Dr. Islam's clinic. After discovery, Dr. Islam and the Clinic moved for summary judgment on the basis that Mr. Simmons could not establish damages with expert testimony. The motion was based on a conflict between two sworn statements provided by Dr. Sherri Studstill, who was Mr. Simmons's expert. Dr. Studstill's affidavit stated that Mr. Simmons suffered injury as a result of Dr. Islam's breach of the standard of care, but in her deposition, she stated only that damages were "possible." *Simmons v. Islam,* No. M2023-01698-COA-R3-

CV, 2024 WL 4948939, at *2-3 (Tenn. Ct. App. Dec. 3, 2024), *perm. app. denied* (Tenn. Apr. 17, 2025). The trial court granted summary judgment to Dr. Islam and the Clinic, and it subsequently denied a motion to alter or amend. *Id.* at *3-4.

Mr. Simmons appealed. The case was briefed on appeal and then argued before the Court of Appeals in July 2024. This court's appellate decision was filed in December 2024. According to documents filed in the trial court after the conclusion of the appeal, Dr. Islam passed away on August 12, 2024. In November 2024, Dr. Islam's widow filed a petition to open the estate and to be appointed the personal representative.

In this court's December 2024 opinion, we affirmed the grant of summary judgment against Mr. Simmons. *Id.* at *10. We held that, in accordance with the cancelation rule, the trial court did not err in concluding that Dr. Studstill's contradictory sworn statements cancelled one another out, leaving the plaintiff with no expert testimony establishing damages. *Id.* at *9. This court also denied relief as to Mr. Simmons's arguments related to purported fraud, his arguments related to evidentiary errors, and his challenge to the costs awarded by the court. *Id.* at *5-10. Mr. Simmons sought permission to appeal to the Tennessee Supreme Court, which denied review on April 17, 2025. *Simmons v. Islam*, No. M2023-01698-SC-R11-CV (Tenn. Apr. 17, 2025) (Order).

Mr. Simmons avers that he became aware of the death of Dr. Islam on April 19, 2025. It is unclear from the technical record provided by the trial court clerk when defense counsel became aware of the death, but Mr. Simmons alleges it was in August 2024, after oral arguments in the Court of Appeals but before the Court of Appeals issued its ruling.

After the Tennessee Supreme Court denied review, Mr. Simmons filed a motion in this court seeking to substitute Dr. Islam's widow as a party, seeking sanctions against the attorneys for failure to disclose the death, and seeking to revisit the merits of his health care liability action. This court found that it was without jurisdiction to address the arguments, as the clerk's office had issued the mandate. *Simmons*, No. M2023-01698-COA-R3-CV (Tenn. Ct. App. May 27, 2025) (Order).

Mr. Simmons then filed numerous motions in the trial court. We list them here. He filed a "Motion to Stay Proceedings Pending Appellate Review," in which he sought to have the court stay proceedings while he tried to recall the appellate mandate; a "Motion for Expedited Hearing on the Grounds of Motion to Lift Protective Order," in which he sought to lift a protective order barring him from having contact with Dr. Islam's widow; a "Motion for Expedited Hearing Requested on the Grounds to Lift the Pro[tec]tive Order of Mrs. Islam for Subs[t]itution," reiterating a desire to lift the protective order based on the death of Dr. Islam and premised on his widow's having served as executor of the estate; a "Motion for Expedited Hearing on the Grounds of Motions Being Heard on June 23, 2025 and T.R.C.P. 25.01 for Suggestion Of Death"; a "Motion to Suggest Death on the Record"; a "Motion to Reopen and Set Aside All Judgments for Misconduct by Attorneys Under

- 2 -

Tennessee Rules of Civil Procedure 60.02, Te[n]nessee Rules of Civil Procedure 25.01, T.C.A.§ 61-15-711 T.C.A. and T.C.A. § 20-5-102 Based on Procedural Error Violation of the Attorneys Not Substitu[t]ing the Defendant During the Appeal as the Defendant Was Deceased and Caused Harm to the Plaintiff," in which he sought to reopen and set aside all prior judgments based on alleged attorney misconduct; a "Motion for Sanctions Under Rule 11.03 of Tennessee Rules of Civil Procedure, Rule 3.3 of the Tennessee Rules of Professional Conduct, Rule 8 of the Tennessee Supreme Court Rules and Tennessee Rules of Civil Procedure 25.01 Against Defendant's Attorneys . . . For Not Disclosing to the Court of Appeals, Fifth Circuit Court and the Plaintiff of the Death of the Defen[d]ant Shahidul Islam Before the Opinion to Affirm the Tenn. Court of Appeals Court Opinion," seeking sanctions against Dr. Islam's attorneys for failing to file a suggestion of death; a "Motion for Expedited Hearing on the Grounds of Motion to Substitution of Mrs. Islam"; a "Motion for Subs[t]itution [of Dr. Islam's Widow] as Executor to the Estate of Dr. Shahidul Islam Under Tennessee Rules of Civil Procedure 25.01 and Tennessee Code Annotated § 16-15-711 or Substitute a[] Special Admin[i]strator"; and a "Plaintiff's Motion for Relief from Final Judgment (Tenn. R. Civ. P. 60.02) to Vacate Summary Judgment and for Leave to Reargue the Merits."

As Exhibit E to his Rule 60 motion, Mr. Simmons attached a July 2025 response by defense counsel to the Board of Professional Responsibility, addressing a bar complaint Mr. Simmons had filed. Mr. Simmons was attempting to rely on the Exhibit to show the timing of counsel's knowledge of Dr. Islam's death. The attorneys who had represented Dr. Islam and the Clinic moved to strike Exhibit E, arguing that any such responses were confidential and that such confidentiality applied to non-attorneys under *Doe v. Board of Professional Responsibility of the Supreme Court of Tennessee*, 104 S.W.3d 465 (Tenn. 2003). Counsel also argued in opposition to Mr. Simmons's motions, including the Rule 60 motion, the motion for substitution, and the motion for sanctions, asserting that nothing warranted revisiting summary judgment, that the case was concluded, that no suggestion of death had properly been filed, and that the sanctions motion did not comply with procedural mandates or otherwise have merit.

Mr. Simmons replied by reasserting some arguments in his previous filings. In addition, he argued that he had obtained an affidavit from Dr. Studstill in April 2025,[1] after this court's appellate decision, and that this new affidavit would defeat summary judgment.

The trial court entered an order disposing of all of Mr. Simmons's filings. The court determined that the grant of summary judgment constituted the law of the case and that Mr. Simmons's filings were merely an attempt to launch a collateral attack on the ruling. The trial court further found that Mr. Simmons's motion to substitute a party for Dr. Islam was "unnecessary and procedurally improper," and that there was no jurisdictional basis to

---

[1] The affidavit shows on its face that it was executed in August 2025.

challenge the prior judgment. The court found that "the death of Dr. Islam is totally and completely not relevant to these proceedings," and it denied Rule 60 relief, the motion to substitute, the motion for sanctions, and the motion to lift the protective order. The court granted the Defendants' motion to strike Exhibit E related to the board complaint. Mr. Simmons moved for the court to make findings pursuant to Tennessee Rule of Civil Procedure 52.01, and the court denied the motion, concluding that the motions at issue were not covered by the plain language of the Rule.

Mr. Simmons appealed. His appeal has included multiple filings in this court. On appeal, he has filed the following motions: "Appellant's Motion to Supplement the Record with Exhibit E"; "Appellant's Supplemental Notice Regarding Public Status of Exhibit E and Third-Party Affidavit"; "Expedited Motion to Deny Representation of Deceased Party and to Vacate All Filings Entered Without Substitution"; "Appellant's Motion for Sanctions Against Appellees' Counsel"; "Appellant's Supplement to Expedited Motion to Deny Unauthorized Representation, Strike Post-Death Filings, Vacate Post-Death Opinion, and Remand for Substitution"; "Expedited Motion to Compel Formal Admission of Counsel's Knowledge of Party's Death and [Sole Proprietorship], and for Costs and Sanctions"; "Appellant's Motion for Relief from Judgment Based on Fraud Upon the Court, Intentional Concealment, and Due Process Violations"; "Petition for En Banc Review"; "Motion to Supplement Appellate Record Under Tenn. R. App. P. 24(e) Relief Requested"; "Appellant's Motion to Strike Appellees' Consolidated  Response for Unauthorized Representation and Failure to Comply with Rule 25.01 and Rule 19(A)"; "Appellant's Motion Requesting Ruling on All Pending Motions"; "Appellant's Formal Notice of Unauthorized Representation"; "Appellant's Motion to Require Appellees to Address Substitution, Authority, and Post-Death Representation in Their Appellate Brief"; "Motion to Require Separate Responses to Pending Motions"; "Motion for Clarification of March 31, 2026 Order"; and "Notice Regarding Protective Order and Communication." In addition, he has filed various responses and replies related to the motions. The attorneys who represented Dr. Islam and the Clinic in the prior appeal responded to many of these motions.

This court reserved judgment on the bulk of the motions. However, this court also issued an order striking Appellees' filings and noting that "we know of no authority that would permit counsel to continue to represent Dr. Islam or the Clinic in this Court after Dr. Islam's death, and counsel has cited to no such authority." The attorneys for Dr. Islam and the Clinic were later permitted to withdraw. Accordingly, this appeal is proceeding with only one party properly before the court.

Mr. Simmons raises multiple issues on appeal. He delineated these issues as follows:

1. Failure to Substitute:

Standard of Review: Whether a trial court retains jurisdiction in the absence of proper substitution under Tenn. R. Civ. P. 25.01 and Tenn. R. App. P. 19 is a question of law, reviewed *de novo* with no presumption of correctness. *See* Lacy v. Cox, 152 S.W.3d 480, 483 (Tenn. 2004) (jurisdictional questions reviewed *de novo*); In re Estate of Davis, 308 S.W.3d 832, 837 (Tenn. Ct. App. 2009) (failure to substitute is a procedural defect with jurisdictional implications).

1.Whether the trial court erred by proceeding without substitution of Appellee's estate after his death during the prior appeal, in violation of Tenn. R. App. P. 19 and Tenn. R. Civ. P. 25.01, despite Appellant's timely motions under both rules.

2. Improper "No Harm" Finding:

Standard of Review: A trial court's determination of whether an error is harmless under Tenn. R. App. P. 36(b) is a mixed question of law and fact. Factual findings are reviewed de novo with a presumption of correctness unless the evidence preponderates otherwise; legal conclusions are reviewed *de novo* with no presumption. *See* State v. Rodriguez, 254 S.W.3d 361, 371–72 (Tenn. 2008) (harmless-error analysis is a legal question reviewed *de novo);* In re Estate of Oakley, 2014 WL 1878766, at 4 (*Tenn. Ct. App. May 8, 2014)*\* (applying mixed standard).

2.Whether the trial court erred in concluding Appellant "was not harmed" by the substitution failure without applying the prejudice standard in Tenn. R. App. P. 36(b) or making the required findings of fact.

3. Fraud on the Court / Concealment:

Whether the concealment of Dr. Islam's death by defense counsel constituted fraud on the court and caused prejudice by foreclosing Appellant's ability to conduct discovery, pursue enforcement, or seek sanctions before the estate closed and the clinic dissolved.

4. Protective Order Abuse of Discretion: Whether the trial court abused its discretion by refusing to lift the protective order on Mrs. Hosneara Islam, thereby preventing Appellant from obtaining relevant evidence about the timing of Dr. Islam's death, the estate's assets, and the clinic's operations.

5. Exclusion of Exhibit E: Whether the trial court erred in striking Exhibit E, defense counsel's written admission to the Board of Professional Responsibility of the date they learned of Dr. Islam's death where the exhibit

was offered to prove knowledge and timing, not for disciplinary purposes.

6. A. Denial of Rule 60.02 Relief: Whether the trial court erred in denying Rule 60.02 relief by refusing to consider Dr. Studstill's affidavit and other newly discovered evidence, and by failing to address how concealment impacted Appellant's diligence.

B. Erroneous Exclusion of Dr. Studstill's Affidavit: Whether the trial court erred in excluding Dr. Studstill's affidavit, which satisfied all admissibility requirements under Tennessee and federal law, and whether such exclusion caused outcome-determinative prejudice requiring reversal.

7. Blanket Striking of Post-Judgment Motions: Whether the trial court erred in striking all post-judgment motions in a blanket order without individualized findings.

8. Denial of Rule 11 Sanctions Without Findings: Whether the trial court erred in denying Rule 11 sanctions without making findings of fact or conclusions of law.

9. Failure to Address Intertwined Claims: Whether the trial court erred in failing to address the intertwined nature of the claims against Dr. Islam and the clinic, which made the substitution failure prejudicial to both defendants.

In essence, he appeals from the denial of Rule 60 relief under multiple avenues, and he objects to the trial court's findings as to harmlessness and its decisions as to the exclusion of Exhibit E and the protective order. He also asserts the court's findings were inadequate, that it erred in denying sanctions, and that it erred in its assessment of "the intertwined nature" of the claims. Having considered his arguments asserting that the trial court erred, we conclude Mr. Simmons is not entitled to appellate relief.

## II.

Mr. Simmons is proceeding pro se in this appeal. Pro se litigants "are entitled to fair and equal treatment by the courts." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015). Courts should be mindful that pro se litigants often lack legal training and may be unfamiliar with the justice system. *State v. Sprunger*, 458 S.W.3d 482, 491 (Tenn. 2015). Accordingly, courts should afford some degree of leeway in considering the briefing from a pro se litigant, *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003), and should consider the substance of the pro se litigant's filing. *Poursaied v. Tenn. Bd. of Nursing*, 643 S.W.3d 157, 165 (Tenn. Ct. App. 2021).

Pro se litigants may not, however, "shift the burden of litigating their case to the

courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Additionally, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). In considering appeals from pro se litigants, the court cannot write the litigants' briefs for them, create arguments, or "dig through the record in an attempt to discover arguments or issues that [they] may have made had they been represented by counsel." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). It is imperative that courts remain "mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

III.

Mr. Simmons's primary argument on appeal is that the judgment in the underlying health care liability case is void because the Defendants never filed a suggestion of death or moved for substitution when Dr. Islam died. He contends that the court had no jurisdiction after the death and that any judgment rendered is a nullity. Although the briefing is unclear on this point, we understand Mr. Simmons's contention as a challenge to the court's denial of relief under Tennessee Rule of Civil Procedure 60.02(3) regarding void judgments, since Rule 60 is the proper procedural mechanism to revisit final judgments. *Frazier v. Helton*, No. M2008-01237-COA-R3-CV, 2009 WL 1211387, at *3 (Tenn. Ct. App. Apr. 30, 2009) ("The only relief available to a party after a judgment becomes final is pursuant to Rule 60, Tenn. R. Civ. P."); *City of Memphis v. Beale St. Dev. Corp.*, No. W2020-00523-COA-R3-CV, 2021 WL 4282736, at *2 (Tenn. Ct. App. Sept. 21, 2021) ("Rule 60.02 has replaced former remedies for setting aside a final judgment."); *Minor Miracle Prods., LLC v. Starkey*, No. M2011-00072-COA-R3-CV, 2012 WL 112593, at *3 (Tenn. Ct. App. Jan. 12, 2012) ("In Tennessee, Rule 60 of the Tennessee Rules of Civil Procedure provides the grounds available for setting aside a judgment."). Mr. Simmons also advances arguments for relief under Rule 60 based on allegations of fraud and newly discovered evidence.

Rule 60.02 provides an avenue to revisit final judgments:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02.

This Rule is intended to balance the competing principles of finality and justice. *DeLong v. Vanderbilt Univ.*, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005). In order to preserve finality of judgments, "Rule 60.02 is an 'escape valve' that should not be easily opened." *NCNB Nat. Bank of N. Carolina v. Thrailkill*, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993). Instead, it "is intended to provide relief only in the most compelling, unique, exceptional, and extraordinary circumstances." *DeLong*, 186 S.W.3d at 512. Rule 60.02 requires the party seeking relief to meet the listed criteria of the Rule. *Thrailkill*, 856 S.W.2d at 153. The movant bears the burden of establishing a basis for relief. *Lindsey v. Lambert*, 333 S.W.3d 572, 576 (Tenn. Ct. App. 2010).

A.

Mr. Simmons believes that the trial court and appellate court judgments in his underlying case are void for failure to substitute a party after Dr. Islam's death. He cites to Tennessee Rule of Civil Procedure 25.01 regarding substitution in cases of death.[2] He also relies on Tennessee Rule of Appellate Procedure 19. Rule 19 states:

> **(a) Death of a Party.** If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the appellate court and the claim sought to be enforced is not thereby extinguished, the appellate court may order substitution of the proper parties. A motion for substitution may be made by

---

[2] Tennessee Rule of Civil Procedure 25.01 states:

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.

The Rule references a suggestion of death; "[t]he purpose of the filing of a suggestion of death is to trigger the running of the 90 day period within which a motion for substitution of proper party may be filed." *Williams v. Williams*, No. E2012-00162-COA-R3-CV, 2012 WL 3986328, at *2 (Tenn. Ct. App. Sept. 12, 2012).

any party or by the successor or representative of the deceased party. If a party against whom an appeal may be taken dies after entry of a judgment or order in the trial court but before notice of appeal is filed, an appellant may proceed as if death had not occurred. After notice of appeal is filed, substitution shall be effected in the appellate court in accordance with this subdivision. If a party entitled to appeal shall die before filing notice of appeal, notice of appeal shall be filed and served by the deceased party's personal representative or, if there is no such personal representative, by the deceased party's counsel of record within the time prescribed in these rules. After notice of appeal is filed and served, substitution shall be effected in the appellate court in accordance with this subdivision.

. . . .

**(d) Effect of Failing to Order Substitution.** An order of substitution may be entered at any time, but the omission to enter such order shall not affect the substitution.

**(e) Addition and Dropping of Parties.** Parties may be added or dropped by order of the appellate court on its own motion or on motion of a party and on such terms as are just.

Tenn. R. App. P. 19. The Advisory Commission Comment notes that "[i]n accordance with the general spirit of these rules, **the omission of an order of substitution is not fatal to an appeal**, but may be entered at any time under subdivision (d)." Tenn. R. App. P. 19, Advisory Comm'n Cmt. (emphasis added).

Accordingly, both the Tennessee Rules of Civil Procedure and the Rules of Appellate Procedure address substitution. "The reason that the subject of the death of a party is addressed in both sets of rules is obvious: both trial courts and appellate courts are faced with situations where a party dies 'on their watch.' The Rules of Civil Procedure address what must be done if a party dies while the case is pending in the trial court, while the Rules of Appellate Procedure outline the proper procedure if death occurs while the case is on appeal." *Koella v. McHargue,* No. E1999-02752-COA-R3-CV, 2000 WL 1156622, at *2 (Tenn. Ct. App. Aug. 16, 2000). This court has previously held that Tennessee Rule of Appellate Procedure 19 rather than Tennessee Rule of Civil Procedure 25.01 applies when the trial court has not been presented with grounds to dismiss the case under Rule 25.01 below, even though the death occurred prior to appeal. *Chase v. Ober Gatlinburg, Inc.,* No. E2020-00649-COA-R3-CV, 2021 WL 3702081, at *3-5 (Tenn. Ct. App. Aug. 20, 2021) (the plaintiff died after the motion for a new trial was filed but before it was adjudicated, but the substitution was permitted on appeal under Rule 19 because the opposing party did not challenge the failure to substitute within 90 days of the suggestion of death and the trial court did not rule on the issue). Furthermore, the Rules of Civil

Procedure generally only "govern procedure in the circuit or chancery courts in all civil actions, whether at law or in equity, and in all other courts while exercising the civil jurisdiction of the circuit or chancery courts." Tenn. R. Civ. P. 1; *see Irvin v. City of Clarksville,* 767 S.W.2d 649, 654 (Tenn. Ct. App. 1988) ("The Tennessee Rules of Civil Procedure do not apply to the Court of Appeals . . . .").

Dr. Islam died while the appeal was pending. Mr. Simmons seeks to declare void this court's prior appellate decision, as well as the grant of summary judgment which was made by the trial court while Dr. Islam was still alive. We note initially that Dr. Islam did not die while the proceeding was before the trial court, and accordingly there is no basis to challenge the trial court's jurisdiction grant of summary judgment. In other words, there was no failure to substitute the proper party in the trial court during the summary judgment proceedings because Dr. Islam was alive at the time.

Mr. Simmons's argument hinges in large part on his contention that a court loses jurisdiction when a party dies and no substitution has been made. The problem with this argument is twofold. One, his case citations appear to be from an artificial intelligence hallucination.[3] The cases cited in the brief, insofar as they exist, do not stand for the stated propositions for which Mr. Simmons offers them.[4]

Two, Rule 19 itself and prior caselaw support the opposite conclusion. The Rule itself states that, when a party dies while the appeal is pending, "the appellate court *may* order substitution of the proper parties" and that the motion "*may* be made by any party or by the successor or representative of the deceased party." Tenn. R. App. P. 19(a) (emphasis added). When interpreting statutes, "[t]he traditional, commonly repeated rule is that *shall* is mandatory and *may* is permissive." Antonin Scalia and Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 112 (2012).[5] "Tennessee courts have embraced this traditional rule." *Armitage v. Hale*, No. E2024-01905-COA-R3-CV, 2025 WL 3765874, at *7 (Tenn. Ct. App. Dec. 29, 2025) (citing cases). Furthermore, Rule 19 goes on to state that "[a]n order of substitution may be entered at any time, but the omission to enter such order shall not affect the substitution." Tenn. R. App. P. 19(d). The Comment to the Rule

---

[3] Artificial intelligence hallucinations are "a widely reported phenomenon in which artificial intelligence programs create new information that has no basis in fact." Margie Alsbrook, *Untangling Unreliable Citations*, 37 Geo. J. Legal Ethics 415, 446 (2024).

[4] In addition to citing cases that do not exist or do not address the cited propositions, the brief contains statements such as, "Based on Tennessee law, your brief thoroughly addresses and supports every legal requirement for fraud on the court and fraudulent concealment especially regarding the element of harm and the statutory/ethical duty to disclose a party's death."

[5] The Rule does contain a "shall," but this provision comes into play "[i]f a party against whom an appeal may be taken dies after entry of a judgment or order in the trial court but before notice of appeal is filed" or "[i]f a party entitled to appeal shall die before filing notice of appeal." Tenn. R. App. P. 19(a).

confirms that "the omission of an order of substitution is not fatal to an appeal, but may be entered at any time under subdivision (d)." Tenn. R. App. P. 19, Advisory Comm'n Cmt. Accordingly, while Mr. Simmons is correct that a motion for substitution could have been made upon Dr. Islam's death, the failure to effect a substitution was not fatal to the appeal.

This court has previously issued judgments where a party died pending appeal and no substitution was made. In *Sipes v. Sipes,* a father disputed with his son and the son's loan servicer the boundaries and use of certain real property. No. W2015-01329-COA-R3-CV, 2017 WL 417222, at *1 (Tenn. Ct. App. Jan. 31, 2017). This court noted that the father had died during the pendency of the appeal and that, while the court had initially permitted substitution, the attempted substitution was the improper party. *Id.* at *1, n.1. Accordingly, the court vacated the order of substitution. *Id.* The court nevertheless issued an opinion, affirming the court's judgment in favor of son and the loan servicer. *Id.* at *5. The Tennessee Supreme Court has issued an order denying substitution as moot at the same time that a Rule 11 petition for appeal was denied. *Shelton v. Shelton*, No. E2015-00962-SC-R11-CV (Tenn. Feb. 18, 2016) (Order); *see also Chase*, 2021 WL 3702081, at *4 ("[N]oncompliance with Rule 25.01 places an action at considerable peril at the trial court level. However, the present action is different . . . in one important regard: here, Defendant never moved the trial court to dismiss Plaintiff's action for failure to comply with Rule 25.01's 90-day deadline."). Accordingly, a failure of substitution does not automatically defeat this court's jurisdiction.

The jurisdiction of this court continues because "[a]ctions do not abate by the death or other disability of either party, or by the transfer of any interest in the action, if the cause of action survives or continues."[6] Tenn. Code Ann. § 20-5-101; *see* Tenn. Code Ann. § 20-5-102 ("No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived; nor shall any right of action arising hereafter based on the wrongful act or omission of another, except actions for wrongs affecting the character, be abated by the death of the party wronged; but the right of action shall pass in like manner as the right of action described in § 20-5-106.").

Insofar as Mr. Simmons argues[7] that the Rule 60 proceedings were void for failure

---

[6] A cause of action which is purely personal, such a divorce, on the other hand does abate. In such a case, "when the suit abates upon the death of the party, 'the jurisdiction of the court to proceed with the suit is terminated.'" *Harris for Richey v. Richey*, No. M2021-00331-COA-R3-CV, 2021 WL 6054819, at *5 (Tenn. Ct. App. Dec. 21, 2021) (quoting *Steele v. Steele*, 757 S.W.2d 340, 342 (Tenn. Ct. App. 1988)) (noting that a pending divorce, which is purely personal, abates upon death of a party). A health care liability claim does not fall into this category. *See*, *e.g.*, *Joshlin v. Halford*, No. W2018-02290-COA-R9-CV, 2019 WL 5783482, at *5 (Tenn. Ct. App. Nov. 6, 2019).

[7] Mr. Simmons's argument section describes his first issue in its heading as: "Orders Entered After Dr. Islam's Death Without Substitution Are Void for Lack of Jurisdiction, Requiring Remand and

to substitute, Rule 25.01 is permissive, providing that the court "may" order substitution. *See Douglas v. Est. of Robertson*, 876 S.W.2d 95, 98 (Tenn. 1994); *Dry v. Steele*, No. E2013-00291-COA-R3-CV, 2014 WL 295777, at *4 (Tenn. Ct. App. Jan. 28, 2014); *see also Adams v. Adient US LLC*, 750 F. Supp. 3d 855, 857 (W.D. Tenn. 2024) ("The language of [Federal] Rule 25 is permissive and the decision to substitute a party lies within the sound discretion of the Court." (quoting *Turnage v. Oldham*, No. 2:16-CV-2907-SHM-TMP, 2019 WL 5424425, at *1 (W.D. Tenn. Oct. 22, 2019))). The decision to substitute is, under the language of the statute, discretionary. *See Douglas*, 876 S.W.2d at 98; *Adams*, 750 F. Supp. 3d at 857. In any event, any error in failure to substitute under Rule 25.01 during the Rule 60 proceedings below would be harmless because, as the trial court found, the case was essentially at an end, there was no basis to revisit the final judgment under Rule 60, Mr. Simmons had no entitlement to the property of the estate, and he accordingly suffered no prejudice. *See Pippin v. Pippin*, 277 S.W.3d 398, 404 (Tenn. Ct. App. 2008) (error in evidentiary ruling was harmless when the opposing party suffered no prejudice); *Douglas*, 876 S.W.2d at 97 (evaluating prejudice when analyzing assertion of error in the trial court's extension of time to file for substitution).

Here, Dr. Islam was a defendant who had obtained summary judgment dismissing all claims against him, and he died after this case had been submitted on oral argument on appeal. No motion for substitution was made prior to this court's opinion being filed, but Rule 19 provides that such failure is "not fatal." Accordingly, Mr. Simmons is incorrect that Dr. Islam's death voided either the trial court's grant of summary judgment or this court's opinion affirming the summary judgment dismissing Mr. Simmons's claims. In short, the summary judgment and appellate opinion are not void, and the court did not err in denying Rule 60 relief for a void judgment.

B.

Mr. Simmons next argues he was entitled to relief based on Dr. Studstill's affidavit, which he describes as "newly discovered evidence." Tennessee courts "have considered requests [pursuant to newly discovered evidence] within the parameters of Rule 60.02(5)."

---

Reopening." As noted above, his statement of the issues frames the issue as:

> 1. Failure to Substitute:
> Standard of Review: Whether a trial court retains jurisdiction in the absence of proper substitution under Tenn. R. Civ. P. 25.01 and Tenn. R. App. P. 19 is a question of law, reviewed de novo with no presumption of correctness. See Lacy v. Cox, 152 S.W.3d 480, 483 (Tenn. 2004) (jurisdictional questions reviewed de novo); In re Estate of Davis, 308 S.W.3d 832, 837 (Tenn. Ct. App. 2009) (failure to substitute is a procedural defect with jurisdictional implications).
> 1.Whether the trial court erred by proceeding without substitution of Appellee's estate after his death during the prior appeal, in violation of Tenn. R. App. P. 19 and Tenn. R. Civ. P. 25.01, despite Appellant's timely motions under both rules.

*In re Jacob J.*, No. M2024-00184-COA-R3-PT, 2025 WL 900601, at \*4 (Tenn. Ct. App. Mar. 25, 2025) (citing cases). Rule 60.02(5) is, "as a general rule, applicable to situations that are not covered by the other clauses in Tenn. R. Civ. P. 60.02 or to cases of extreme hardship." *Duncan v. Duncan*, 789 S.W.2d 557, 564 (Tenn. Ct. App. 1990). The standards of Rule 60.02(5) are even "more demanding" than the standards meriting relief under the other subsections of Rule 60.02. *Thrailkill*, 856 S.W.2d at 154. "Despite its extremely broad language, Tennessee Rule of Civil Procedure 60.02(5) has been construed very narrowly by Tennessee Courts." *Steioff v. Steioff*, 833 S.W.2d 94, 97 (Tenn. Ct. App. 1992). When a party seeks relief based on newly discovered evidence, relief "may only be granted where the evidence could not have been discovered through the exercise of reasonable diligence." *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 596 (Tenn. 1994); *see In re Jacob J.*, 2025 WL 900601, at \*4.

In seeking appellate relief related to Dr. Studstill's new affidavit, Mr. Simmons argues for the admissibility of the affidavit, but he does not demonstrate that the affidavit was newly discovered evidence that "could not have been discovered through the exercise of reasonable diligence" prior to trial. *Spence*, 883 S.W.2d at 596 (relief under Rule 60.02(5) was not warranted when the evidence could have been discovered through reasonable diligence at trial); *see also In re Jacob J.*, 2025 WL 900601, at \*4. Mr. Simmons continues to assert that Dr. Islam's death was concealed from him, but he does not explain how Dr. Islam's death affected his ability to seek a statement from his own expert regarding damages he allegedly suffered while Dr. Islam was alive. The trial court did not abuse its discretion in denying Rule 60 relief for this "newly discovered" evidence, which could have been presented by Mr. Simmons from his own expert during the initial proceedings. *See Welch v. Welch*, 195 S.W.3d 72, 78 (Tenn. Ct. App. 2005) (a father who legitimated a child and then sought to reverse that decision under Rule 60 was not entitled to relief when he knew he was not the biological father at the time of legitimation); *In re Jacob J.*, 2025 WL 900601, at \*4 (father was not entitled to 60.02(5) relief for newly discovered evidence when he "did not demonstrate that he was unable to obtain" evidence such as text messages and emails "before trial through the exercise of reasonable diligence").

C.

Mr. Simmons also contends that defense counsel committed fraud on the court by not immediately revealing Dr. Islam's death.[8] He concludes that the judgment must be void. However, even accepting Mr. Simmons's allegations that Dr. Islam's attorneys were aware of the death[9] and failed to file a suggestion of death or move for substitution, Mr.

---

[8] Insofar as Mr. Simmons makes claims of fraudulent concealment, this doctrine is focused on tolling a limitations period and is aligned with the discovery rule. *Redwing v. Catholic Bishop for Diocese of Memphis,* 363 S.W.3d 436, 462 (Tenn. 2012).

[9] Mr. Simmons asks this Court to consider Exhibit E, which was stricken by the trial court. The

- 13 -

Simmons does not explain why the failure to file a suggestion of death or move for substitution, even if error,[10] would automatically result in a void judgment or how he was prejudiced by a failure to substitute after Dr. Islam and the Clinic had obtained summary judgment dismissing Mr. Simmons's case and the case had been submitted on arguments on appeal.

This section of Mr. Simmons's brief is again plagued with what appear to be artificial intelligence hallucinations. In any event, contrary to Mr. Simmons's contention, the failure to move for substitution after the case had been submitted on briefs and oral argument in the appellate court did not have an effect on this court's jurisdiction, as noted above. When a party seeks Rule 60 relief based on fraud, the party must show "with clear and convincing evidence the existence of conduct by the non-moving party which amounts to: 'an intentional contrivance by a party to keep complainant and the Court in ignorance of the real facts touching the matter in litigation, whereby a wrong conclusion was reached, and positive wrong done to the complainant's rights.'" *In re Est. of Williams*, No. M2000-02434-COA-R3-CV, 2003 WL 1961805, at *14 (Tenn. Ct. App. Apr. 28, 2003) (quoting *Duncan*, 789 S.W.2d at 563). Accordingly, the party must show that the alleged misconduct resulted in harm. *Parimore v. Parimore*, No. W2016-01188-COA-R3-CV, 2017 WL 657771, at *4 (Tenn. Ct. App. Feb. 17, 2017).

Mr. Simmons argues that the court erred in determining that any error in failing to substitute a party on appeal was harmless. He avers that, to the contrary, he has lost the opportunity to file a claim against the estate, to file a claim against the now-defunct Clinic's real property, or to conduct discovery. The trial court concluded that, while substitution may have been necessary had summary judgment been reversed on appeal, once the appellate court affirmed the grant of summary judgment in favor of Dr. Islam, any substitution became unnecessary because the case had concluded. The court found Mr.

---

trial court struck the exhibit after concluding the exhibit was confidential under *Doe v. Board of Professional Responsibility of Supreme Court of Tennessee*, 104 S.W.3d 465, 472 (Tenn. 2003). Mr. Simmons presents an argument that Exhibit E is relevant under Tennessee Rule of Evidence 401, that evidence can be admissible for one purpose but inadmissible for another under Tennessee Rule of Evidence 105, and that it falls within a hearsay exception under Tennessee Rule of Evidence 803(1.2). He further argues that Exhibit E demonstrates counsel's knowledge of the death, which he equates with fraud. Mr. Simmons never addresses *Doe* or otherwise challenges the trial court's reason for excluding the evidence. While Rule 9 has been revised since the decision in *Doe*, Mr. Simmons has not challenged the trial court's basis for excluding the evidence, and the argument that the trial court erred is waived. *See Sneed*, 301 S.W.3d at 615; *compare* Tenn. Sup. Ct. R. 9, § 25.1 (2003) *with* Tenn. Sup. Ct. R. 9, § 32.1, 32.7 (2025). In any event, we have concluded that Mr. Simmons would not be entitled to relief even if we assume that Dr. Islam's attorneys were aware of the death in August 2024.

[10] *See Scott v. Roberson*, No. M2011-00016-COA-R3-CV, 2011 WL 3760940, at *4 (Tenn. Ct. App. Aug. 24, 2011) (noting that in *Douglas*, 876 S.W.2d 95, "[t]he defendant's estate had no motivation to substitute a party for the deceased defendant, making it incumbent on the plaintiffs to file the motion and ask the court to substitute the defendant's estate for the deceased defendant.").

Simmons had no legitimate claim against the estate or real property or any right to conduct discovery, since the case had already been disposed of through summary judgment granted to the opposing party. Contrary to Mr. Simmons's contention, he would not have been entitled to seek discovery on appeal had a suggestion of death been filed. *See Peck v. Tanner,* 181 S.W.3d 262, 266 (Tenn. 2005) (the appellate court was without power to order a trial court to supervise the taking of discovery so that the appellate court could determine misconduct, since such procedure would exceed the limits of appellate jurisdiction and make the court the trier of fact). The court did not err in determining that Mr. Simmons suffered no prejudice because he had no right to seek discovery or to file any claim against Dr. Islam's property or that of the Clinic after Dr. Islam successfully obtained summary judgment dismissing Mr. Simmons's claims. *See Douglas*, 876 S.W.2d at 97 (evaluating prejudice in trial court's extension of time to file for substitution).

In attacking the court's finding that there was no prejudice, Mr. Simmons also faults the trial court for failing to apply Tennessee Rule of Appellate Procedure 36(b). Rule 36 is employed by appellate courts to determine the effect of a lower court's error; it is by its own terms not applicable to the trial court. *See* Tenn. R. App. P. 36(b) ("When necessary to do substantial justice, *an appellate court may consider* an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal." (Emphasis added)). The trial court did not err by failing to apply Rule 36.

IV.

Mr. Simmons also objects to the trial court's refusal to lift the protective order shielding Dr. Islam's widow from depositions and discovery. The information he hopes to gain from her relates to the timing of Dr. Islam's death, the administration of the estate, and the transfer of the business's assets. He alleges the court made no finding of good cause.

When Mr. Simmons filed this motion, his claims against Dr. Islam and the Clinic had been dismissed on summary judgment, and this dismissal had been affirmed on appeal. The judgment determining that Mr. Simmons was not entitled to any of Dr. Islam's assets was final. As noted above, Mr. Simmons is mistaken that the previous trial or appellate proceedings were void. Accordingly, the only motion properly before the trial court was his motion for Rule 60 relief. Mr. Simmons sought to lift the protective order, which had been in place since before Dr. Islam's death. However, none of the evidence he sought was relevant to his Rule 60 motions, which challenged the prior judgments by asserting the courts lacked jurisdiction due to Dr. Islam's death and which sought to introduce a new affidavit regarding the health care liability case.

As noted above, the death did not deprive the court of jurisdiction. Mr. Simmons was not entitled to seek discovery regarding Dr. Islam's assets after the judgment denying

- 15 -

his claims and awarding summary judgment to Dr. Islam became final, because Mr. Simmons had no right to those assets. *See Cheetah Lounge, Inc. v. Sarasota Cnty.,* 387 S.W.3d 10, 14-15 (Tenn. Ct. App. 2012) (concluding that a discovery dispute over a subpoena issued in Tennessee in relation to litigation in Florida was rendered moot when summary judgment was granted against the party seeking the discovery in Florida, since the party no longer had a right to discovery after the adverse summary judgment ruling). In short, Mr. Simmons had already lost the case and could not seek discovery related to Dr. Islam's assets. Accordingly, it was not an abuse of discretion to refuse to lift the order shielding Dr. Islam's widow, who had no information relevant to the Rule 60 motions pending before the court.

V.

Mr. Simmons argues that the trial court erred in denying his numerous filings in one order and made inadequate findings, alleging that the order violated the mandate for factual findings in Tennessee Rule of Civil Procedure 52.01.

The court found that, by the terms of Rule 52.01, "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rules 41.02 and 65.04(6)." The court was not proceeding under either of the excepted Rules. We perceive no error.

Mr. Simmons argues that the trial court erred in issuing only one order to dispose of his myriad filings. The trial court in this case made the finding that the judgment had been affirmed on appeal, that it had become final, and that each motion filed by Mr. Simmons constituted an attempt at an improper collateral attack. "If a timely notice of appeal is filed in a civil case, and the judgment is affirmed on appeal, the judgment becomes final upon the issuance of the appellate court's mandate." *Swift v. Campbell*, 159 S.W.3d 565, 573 (Tenn. Ct. App. 2004); *see In re Rainee M.,* No. E2015-00491-COA-R3-PT, 2015 WL 9584865, at *4 n.2 (Tenn. Ct. App. Dec. 30, 2015). The issuance of the mandate is a "ministerial act," *State v. Cawood,* 134 S.W.3d 159, 163 n.6 (Tenn. 2004), and it serves to transfer jurisdiction "from the appellate court back to the trial court for the execution of judgment, the collection of costs, and any other action directed in the appellate court opinion," *Barnett v. State,* No. M2021-00554-CCA-R3-PC, 2022 WL 2277146, at *3 (Tenn. Crim. App. June 23, 2022) (citing *Sanders v. Loyd*, 364 S.W.2d 369, 371 (Tenn. 1960)). Accordingly, "[w]ith the issuance of the mandate, the parties and the trial court became bound by the 'law of the case' doctrine. . . ." *Tindell v. West,* No. E2012-01988-COA-R3-CV, 2013 WL 6181997, at *4 (Tenn. Ct. App. Nov. 25, 2013).

The trial court found that the order of summary judgment had become final. Rule 60 functions to give relief from final judgments. *Discover Bank v. Morgan,* 363 S.W.3d 479, 489 (Tenn. 2012) (citing *Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977)). Indeed, "[o]nce a judgment becomes final, the only relief available to a party is a motion

- 16 -

filed pursuant to Rule 60 of the Tennessee Rules of Civil Procedure." *Harris v. Hall,* No. M2011-01983-COA-R3-CV, 2012 WL 2393969, at *3 n.3 (Tenn. Ct. App. June 25, 2012); *Algee v. State Farm Gen. Ins. Co.,* 890 S.W.2d 445, 447 (Tenn. Ct. App. 1994) ("After thirty days [from entry of a nonsuit], however, Tenn. R. Civ. P. 60 governs the trial court's jurisdiction over the case. As a result, plaintiffs' only relief in this case is pursuant to a Rule 60.02 motion for relief from judgment."); *Fernandez v. Tennessee Dep't of Revenue,* No. M2021-01417-COA-R3-CV, 2022 WL 16961294, at *4 n.3 (Tenn. Ct. App. Nov. 16, 2022) ("[O]nce the court entered final judgment, the party seeking to amend [under Rule 15] needed to seek post-judgment relief under Rule 59 or Rule 60.").

We conclude that the trial court did not err in denying the post-judgment motions in one order. The trial court found that any challenge to the grant of summary judgment, which had been affirmed on appeal and had become a final judgment, had to be taken through Rule 60 and that the other motions were improper. Furthermore, the trial court specified in its order that it believed that Mr. Simmons must proceed under Rule 60, and the order is accordingly adequate to allow us to review the court's determination as to the other motions.

VI.

Mr. Simmons argues separately that the court erred in denying sanctions under Tennessee Rule of Civil Procedure 11.03. Below, the attorneys for Dr. Islam argued that they had committed no sanctionable conduct and also that Mr. Simmons had failed to comply with Rule 11.03's safe harbor procedure. A decision on sanctions is reviewed for abuse of discretion. *Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 139 (Tenn. Ct. App. 2014). A trial court in general abuses its discretion when it applies "incorrect legal standards, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *West v. Schofield*, 460 S.W.3d 113, 120 (Tenn. 2015) (citing *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008)).

Tennessee Rule of Civil Procedure 11.03 concerns sanctions related to violations of Tennessee Rule of Civil Procedure 11.02. While a court may on its own initiative enter sanctions under 11.03(b), when sanctions are initiated by motion, the Rule prescribes the following:

> (1) How Initiated.
> (a) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision 11.02. It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may

prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

Tenn. R. Civ. P. 11.03(1)(a).

The safe harbor provision requiring a 21-day wait after service of the motion on the other party "serves the important dual role of providing attorneys notice and fair warning that an adversary is proposing seeking sanctions, and acting as a deterrent to frivolous, unsupported, or otherwise improper pleadings being filed with the court in the first place." *Mitrano v. Houser*, 240 S.W.3d 854, 862 (Tenn. Ct. App. 2007). The procedural requirements are "clear, unambiguous and mandatory." *Brown v. Shappley*, 290 S.W.3d 197, 202 (Tenn. Ct. App. 2008). Accordingly, this court "will reverse an order of sanctions where the moving party has not complied with the Rule's safe harbor provisions." *Id.*

Below, the attorneys against whom sanctions were sought argued that Mr. Simmons had failed to comply with the safe harbor provisions. Mr. Simmons did not contend that he complied but instead posited that such a provision is only found in the Federal Rules of Civil Procedure. As noted above, however, "Tennessee's version of Rule 11 also contains a safe harbor requirement." *Ewan*, 465 S.W.3d at 139. We conclude that the trial court did not abuse its discretion in denying the motion, given Mr. Simmons's failure to assert, much less show, that he complied with the mandatory procedural requirements. Indeed, this court would have been constrained to reverse an award of sanctions absent compliance with the safe harbor provision. *Shappley*, 290 S.W.3d at 202.

## VII.

Mr. Simmons also argues that the court "erred in failing to address the intertwined nature of the claims against Dr. Islam and the clinic, which made the substitution failure prejudicial to both defendants." The only authority cited in this section of his brief is to the hallucinated, nonexistent case and to a case which does not stand for the claimed proposition. This argument is waived for failure to cite to authority to develop his argument. Tenn. R. App. P. 27(7)(A); *Sneed*, 301 S.W.3d at 615.

## VIII.

For the foregoing reasons, we affirm the trial court's judgment. Mr. Simmons's remaining outstanding motions before this court are respectfully denied. Costs of this

appeal are taxed to the appellant, Tray Simmons, for which execution may issue if necessary.


s/ Jeffrey Usman
JEFFREY USMAN, JUDGE